## GINACA v. ATWOOD.

Where the plaintiff in replevin gives the statutory undertaking, and takes possession of the property in suit, and is afterwards nonsuited, and judgment entered against him for the return of the property and for costs : *Held*, that his sureties are liable for damages sustained by defendant, by reason of a failure to return the goods, but not for damages for the original taking and detention, the value of the goods not having been found by the jury.

Section one hundred and seventy-seven of the Practice Act applies only where the issues of the case have been submitted and passed on by the jury, and not to a case of judgment of nonsuit.

The decision in Nickerson v. Chatterton, also, only applies to cases submitted to a jury.

The facts which upon a trial by jury would have been found in the original replevin-suit, are, by a nonsuit therein, left to the jury called in the suit on the undertaking, so far as the conditions of the undertaking will authorize an inquiry into them.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This is an action upon an undertaking given by the defendants, under section one hundred and two of the Practice Act, to authorize the sheriff to take possession of certain personal property claimed in a replevin-suit brought by the defendant Atwood, against the plaintiff. In the replevin-suit the plaintiff was nonsuited, and judgment for the return of the property and costs was entered. The value of the property taken was not assessed by the jury. Upon the writ issued on the judgment, only a portion of the property was returned, and to recover damages for a failure to return the balance, and also damages for the original taking and detention of the property, this suit is instituted. To the complaint a demurrer was interposed, the point of which is that the value of the property was not ascertained by the jury.

The Court below sustained the demurrer and gave judgment for defendant. Plaintiff appealed.

*Robinson & Beatty* for Appellant.

In the case of Nickerson v. Chatterton & Waters, the Court seem to raise a question as to whether there can be a recovery on the plaintiff's undertaking in a case of this kind, where the defendant fails to have the value of the property of which he has been deprived by the plaintiff, assessed by the jury which tries the case.

In this case, a nonsuit was sustained, and, consequently, the

case was withdrawn entirely from the jury; being withdrawn entirely from the jury, they could not find the value. The defendant, in the original action, could not, of course, (without a violation of every principle of justice and common sense,) lose his remedy on the undertaking of plaintiff because the plaintiff failed to make out a *prima facie* case, and was nonsuited.

One of the undertakings of sureties is, that they will be responsible for return of the property, if return be adjudged.

In this case, a return of all the property is adjudged; if only part is returned, the sureties become bound for the value of that which is not returned, if the same be less than the penalty of the undertaking.

But the fact that plaintiff claims a greater amount in damages, makes no difference. The Court will, at the proper time, instruct the jury as to the measure of damages. But even if the complaint were defective in that point, the case must be sent back, and the plaintiff would have leave to amend his complaint.

*William Higley* for Respondents.

The complaint in this action claims to recover the sum of six hundred dollars damages for value of property unreturned, and other six hundred dollars damages, suffered by the detention of the property.

To this complaint the respondents demurred. The Court below sustained the demurrer, and gave judgment for defendants.

The respondents claim the judgment rendered by the Court below in this action to be correct, and that it should be affirmed for the following reasons:

1. No sum was recovered against Atwood, as plaintiff, in the first action, for the recovery of which this action was brought. Practice Act, § 102.

2. This action cannot be maintained against the sureties in the bond or undertaking for a sum uncertain, or not ascertained in the previous action. Practice Act, § 102.

3. To bind sureties, and render them liable in this action, the judgment in the previous action should be in the alternative for the return of the property. Also, the amount of damages for the taking and detention of the same. Practice Act, §§ 177, 200, and subdivision fourth of Practice Act, § 210.

4. The Court is referred to one of its decisions. The case of Nickerson v. Chatterton & Waters, 7 Cal. R., April Term.

The language of the Court in that case embraces a logical deduction from the sections of the Practice Act above referred to, and conclusive as to the kind of judgment that should be obtained in the first instance, in order that the sureties in the bond or undertaking may be prosecuted, together with the principal, successfully upon the same in another action, and that if such a judg-

ment be not obtained in the first instance, the remedy upon the bond or undertaking is lost.

FIELD, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The undertaking was, among other things, for the return of the property taken in the original replevin-suit, if a return should be adjudged by the Court. Such return was adjudged, and yet such return was not fully, but only partially made. To the extent, then, in which the conditions of the undertaking have not been complied with, the defendants are liable It is for damages arising from a failure to return the property that the action will lie, not for damages for the original taking and detention; these latter should have been found in the replevin-suit; not having been so, they cannot be recovered of the sureties. The undertaking was for the payment of such sum as should for any cause be recovered against the plaintiff in that suit; no sum beyond the costs was recovered, and it follows that the liability of the sureties is limited to that extent, and such damages as may have arisen from a failure to return the entire property. Section one hundred and seventy-seven of the Practice Act applies only where the issues in the case have been submitted to and passed upon by the jury. It does not apply to a case of a judgment of nonsuit. The decision of this Court in Nickerson v. Chatterton and others, April Term, 1857, also, only applies to cases which have been submitted to a jury. The present case is like a judgment upon a discontinuance, in which no jury is called. The facts which upon a trial by a jury would have been found in the original replevin-suit, are by such judgment left to the determination of the jury called in the suit on the undertaking, so far as the conditions of the undertaking will authorize an inquiry into them. It follows that the demurrer should have been overruled.

Judgment reversed and cause remanded.