## MASON v. RICHARDS, *et al.*

1. JUDGMENT IN REPLEVIN. As a general rule, the judgment in replevin, where the plaintiff fails to maintain his action, should be for a return of the property. *Chadwick* v. *Miller*, 6 Iowa 38; *Jansen et al.* v. *Effey*, 10 Ib. 227.
2. BOND : IRREGULAR JUDGMENT. An irregular judgment for the value of property taken in replevin, in which no order for the return of the property is made, does not change the liability of a surety in an action on the replevin bond.

*Appeal from Dubuque City Court.*

TUESDAY, JUNE 11.

MOBLEY brought an action of replevin for certain goods, against Hayden, sheriff, giving bond with the appellant, Richards, as his surety. Hayden succeeded in that action, and this suit is brought on the bond by Mason, (a party interested,) against Mobley and Richards. On the trial it appeared, among other things, that in the replevin suit, the court found the value of the goods taken under the writ to be $4032.42-100; that the defendant (Hayden,) made his election to take a judgment for the value of the goods instead of an order for their return, and it was thereupon ordered that defendant recover of Mobley the said sum, with costs, and that an execution issue therefor. Judgment for plaintiff, from which Richards appeals.

*Griffith & Knight,* for the appellant, in an elaborate argument of the question determined in the opinion of court, cited, *Sandiman* v. *Reach,* 7 B. & C. 96; *Chadwick* v. *Miller,* 6 Iowa 38; *McGinnis* v. *Hart, et al.,* Ib. 205; *Hunk* v. *Bennett,* 4 G. Greene, 515; *Easton* v. *Worthington,* 5 Serg. & Rawle 130; Gilb. on Rep. 143; *Chaffee* v. *Langston,* 10 Watts 268; *Hopewell* v. *Price,* 2 Har. & Gil. (Md.) 275; *Boone* v. *Fox,* 2 Yates 530; *Waterman* v. *Robinson,* 5 Mass. 304; 4 Watts 68; 3 Ib. 287; *Moore* v. *Shank,* 3 Barr (Pa. St.) 10.

*Samuels, Allison & Crane* for the appellees, in reply, relied upon *Gibbs* v. *Bartlett*, 2 Watts & S. 33; Mor. Rep. 194–197; *Harrison* v. *Wardle*, 5 B. & Adolph. 146; Hurlstone on Bonds 68; *Badlaw* v. *Tucker*, 1 Pick. 286; *Waterman* v. *Yece*, 2 Wils. 41; *Bell* v. *Bartlett*, 7 N. H. 178, 189; *Bayhoff* v. *Hickwolff*, 26 Mo. 515; *Funk & Hardman* v. *Searls*, 6 Iowa 438.

WRIGHT, J.—There are several errors assigned, but they all resolve themselves in this one, whether Richards the surety is liable on the bond, there being no order for the return of the property in the replevin suit.

The bond is in the usual form, and conditioned, as required by the statute, that Mobley will appear at the next term of the court and prosecute his suit to judgment, and return the property, if a return be awarded, and also pay all costs and damages that may be awarded against him.

That the proper judgment in an action of replevin, as a general rule, when the plaintiff fails to maintain his action, is for a return of the property to the defendant, both at common law and under the statute, is settled by the cases of *Chadwick* v. *Miller*, 6 Iowa 38; *Jansen et al.* v. *Effey*, 10 Ib. 227. Suppose, however, no such order is made, but the court finds the value of the property and renders judgment therefor against the plaintiff, does such judgment, though irregular, have the effect of changing the liability of the surety in an action on the bond? Or in other words, is it necessary in order to make him liable upon his bond, for the breach now under consideration, that a judgment *de retorno habendo* should first be entered? We think not.

The District Court could enter no judgment against the surety in the original suit, (*Jansen* v. *Effey, supra,*) for he was not in court. The plaintiff, and principal in the bond, was in court, however, and over him the court had jurisdiction. For whatever judgment the court had the power to render against him, though ever so erroneous, until reversed

or set aside, he would be bound. And as a judgment erroneous merely would be binding upon him, so it would be upon his surety in an action on the bond. Or to illustrate this general statement of the rule, by its application to the case before us: It was erroneous to render a judgment for the value of the property, against Mobley, instead of an order for its return. That judgment however, though irregular, is binding upon Mobley. True, it misconstrues the statute, in fixing the defendant's damages and yet it is not void. And though Richards was not in court, in such a sense that a judgment could be entered against him for the amount thus found, yet he has, by the terms of the bond, bound himself for the payment of all costs and damages adjudged against his principal, and an order for the return of the property was not essential to entitle plaintiff, in this action, to recover such damages.

Judgment Affirmed.