[No. 3,379.]

## CHARLES BROWN v. THOMAS JOHNSON.

JUDGMENT IN REPLEVIN. — If, on the trial of an action of replevin, it appears that the personal property in controversy has been hopelessly lost, or has been destroyed, so that a judgment for its delivery would be unavailing, judgment for damages alone, without judgment for its possession, is, at most, a technical error for which the judgment will not be reversed.

IDEM.—When such judgment was rendered, and the record does not show the contrary, the presumption is that the facts warranted the judgment.

APPEAL from the District Court of the Fifteenth Judicial District, County of Contra Costa.

Replevin for six horses mares and colts, four hundred fence posts, two plows, one reaper, three thousand pickets, and one cultivator. The complaint prayed for judgment for possession, and for five hundred and sixty dollars, the value thereof, and five hundred dollars damages. The defendant justified as Constable under a writ of attachment issued in a Justices' Court at the suit of Conway & Co. against William C. Chapman. The Court rendered judgment for the plaintiff for five hundred and sixty dollars, the value of the property, and fifty-six dollars damages for the wrongful taking, without any judgment for the return. The defendant appealed on the judgment roll alone.

*Foster & Voorhees*, for Appellant.

The judgment is erroneous because not in accordance with the prayer of the complaint. The judgment should

have been in the alternative in accordance with section two hundred of the Practice Act. The defendant had a right to expect that the judgment would require him to return the property. The ability of the defendant to return the property is not made an issue in the pleadings, and the judgment is erroneous under section one hundred and forty-seven of the Practice Act.

*Thomas A. Brown,* for Respondent.

The judgment is embraced within the issues. (*Savings and Loan Society* v. *Thompson,* 34 Cal. 76.) It does not appear in the record that a delivery could have been made even if the judgment had been in the alternative. (*Walde* v. *Doll,* 29 Cal. 555; *Landers* v. *Bolton,* 26 Cal. 393; *Dimmick* v. *Campbell,* 31 Cal. 238.)

By the COURT:

If at the trial of this action (replevin) it had distinctly appeared that the personal property in controversy had been hopelessly lost or had been destroyed, so that a judgment for its delivery would be necessarily unavailing, a failure to render judgment for its possession (under Section 200 of the Practice Act) would, at most, be but a technical error or omission, and one for which we would not reverse the judgment. And in support of such judgment, where, as here, the record discloses nothing on the point, we will intend that the facts actually appearing below were such as to warrant its rendition.

Judgment affirmed.