DAVID DORRINGTON AND AUGUST J. FALKSEN, PLAINTIFFS IN ERROR, V. PHILIP J. MEYER AND JOHN H. MEYER, DEFENDANTS IN ERROR.

1. **Pleading:** ACTION UPON WRITTEN INSTRUMENTS. In bringing an action upon a deed or other instrument, consisting of several distinct parts, the plaintiff is required to set out in his petition only so much of the instrument as is necessary to show his right of action. He should, however, attach a copy of the instruments sued on to his petition, and if none be attached he may be compelled to do so.

2. ———: ———: JUDGMENT. A petition alleged that "an undertaking was entered into as provided by law, and that said undertaking was lost or mislaid;" *held*, sufficient after judgment to show that the undertaking was in writing and would sustain the judgment.

3. **Sureties on Replevin Bond.** The sureties on the undertaking in an action of replevin have a right to object to the form of the judgment on the undertaking, and to require the same to be rendered for a return of the property or the value thereof in case a return cannot be had, but if they fail to do so, and a judgment for the value of the property alone is rendered, they will be bound by the judgment.

ERROR from the district court of Richardson county. The opinion states the case.

*Isham Reavis* and *Schoenheit & Thomas*, for plaintiffs in error.

1. A party is required to make out a case by his pleadings, and not leave it to conjecture or inference. And where the language of a pleading is doubtful in its meaning, the most unfavorable construction must

be adopted against the pleader, as he is presumed to state his case most strongly in his own favor. *Lemon v. Stevenson*, 36 Ill., 49. *Spear v. Downing*, 34 Barb., 522. 1 Chitty Plead., 256, 674. There can be no presumption that facts were given in evidence which were not admissible under the pleadings. *Comstock v. Hollon*, 2 Mich., 355.

2. ˙ By failing to demur or answer the defendants did not waive the objection that the petition does not state facts sufficient to show a cause of action. *Curtis & Co. v. Cutler*, 7 Neb., 315. *Martin v. Freeman*, 17 Ohio St., 323.

3. A judgment by default, not objected to below, will be reversed on error where the complaint shows no substantial cause of action. *Childress v. Mann*, 33 Ala., 206. *Gervais v. Willoughby*, 1 Minn., 45. *Dryden v. Dryden*, 9 Pick., 546. *Hudson v. Breeding*, 7 Ark., 445. *Hallock v. Jaudin*, 34 Cal., 167.

4. Whatever is good ground for arresting a judgment is good ground for reversing it. *Wood v. Hustis*, 17 Wis., 416.

*George P. Uhl*, for defendant in error, cited Chitty's Pleading, 237, 371. *Clapp v. Schutt*, 44 Barb., 9. *Jones County v. Sales*, 25 Iowa, 25. Gould's Pleading, 117, sec. 43. *Lash v. Christie*, 4 Neb., 262. *Kohlman v. Wright*, 6 Cal., 230. *Mather v. Butler County*, 16 Iowa, 59. *Hunter v. Sherman*, 2 Scam., 539. *Peck v. Wilson*, 22 Ill., 205. *Gray v. Coan*, 23 Iowa, 344. *Allen v. Patterson*, 7 New York, 480. *Tutshorn v. Hull*, 30 Wis., 162. *Shank v. Teeple*, 33 Iowa, 189. *Nathan v. Lewis*, 1 Hand, 239.

MAXWELL, CH. J.

On the fifteenth day of December, 1877, the defendants in error commenced an action in the district court

of Richardson county to recover the sum of six hundred and eighteen dollars and seventy-six cents, upon a replevin bond given in 1872 by one Roy as principal, and the plaintiffs in error as sureties. Dorrington, one of the sureties, demurred to the petition upon the ground that the facts stated therein did not constitute a cause of action against him. The demurrer was overruled, to which he excepted. The plaintiffs in the court below then asked and obtained leave of the court to file an amended petition. The amended petition was filed on the twenty-fifth day of April, 1878, and was not verified. In September, 1878, judgment by default was entered against Roy and his sureties, for the sum of $761.80. No motion was made in the court below to set aside the default, or correct the judgment. The sureties bring the cause into this court by petition in error.

In the case of *Mulhollan v. Scoggin*, decided at the present term of this court, it was held that where a judgment and default have been entered against a defendant which he seeks to have vacated, good practice requires him to exhibit to the court such matters in excuse of his default as he is able, and in addition thereto, that he has a meritorious defense either in whole or in part to the action. And unless he do so, he can have no standing in the supreme court on the question of his right to answer.

In *Cropsey v. Wiggenhorn*, 3 Neb., 108, it was held that to entitle a party to a review of any alleged errors transpiring upon the trial of the cause, a motion for a new trial must be made, distinctly setting forth the errors complained of. As the plaintiffs in error made no attempt to set aside or correct the judgment in the court below, they cannot raise such objections for the first time in this court.

Objection is made that the amended petition is not verified. It is now well settled in this court that the

want of a verification is not jurisdictional. *Johnson v. Jones*, 2 Neb., 126. *Hull v. Miller*, 4 Id., 503. Where a petition is not verified, or where the verification is defective, if objection is made by the proper motion, it is the duty of the court to require the pleading to be verified as required by law. But this defect may be waived, and will be deemed waived, where no objection is made until after the rendition of the judgment. It is claimed that the facts stated in the petition are not sufficient to constitute a cause of action. Much stress is laid upon the fact that it is not alleged that the undertaking was *written*, nor that Dorrington and Falksen entered into a contract. The petition alleges: "That thereupon the said George Roy entered into an undertaking to these plaintiffs in the sum of $1,325.00, as provided by law, with the above named defendants, David Dorrington and August J. Falksen, as his sureties, which said undertaking was conditioned as providedby law, viz.: that said George Roy should prosecute his said action and pay all costs and damages which might be awarded against him," etc.

In bringing an action upon a deed or other instrument, consisting of several distinct parts, the plaintiff is required to set out in his petition only so much of the instrument as is necessary to show his right of action. He should, however, attach a copy of the instrument sued on to his petition, and if he fail to do so, he will be compelled on motion to attach such instrument as an exhibit.

The statement of the condition of the bond is sufficient. It was executed in 1872, before the amendment of the statute requiring the bond to contain a condition for a return of the property to the defendant, in case judgment for a return of such property is rendered against the plaintiff. Sufficient also appears

in the petition to show that the instrument sued on was in writing.

It is alleged that the undertaking was entered into as provided by law, and that said undertaking is lost or mislaid. This is sufficient, after judgment, to sustain the judgment. Objection is made that the judgment in the action of replevin was for damages alone, and.not in the alternative for a return of the property or its value, but that objection cannot be considered in this case. The sureties had the right to appear and object to the form of the judgment in the action of replevin, and have the same rendered in conformity to the statute; having failed to do so, they are concluded by it. Upon a careful examination of the entire record justice appears to have been done in the premises. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.