# Bradford et al. *versus* Frederick.

1. The sureties in a claim property bond, given by the defendant in an action of replevin conditioned, inter alia, "to abide by the judgment of the court," are not released from liability by the fact that on the trial of the replevin suit, the defendant confessed judgment in favor of the plaintiff, without the knowledge of said sureties—no fraud or collusion being shown in such confession of judgment.

2. On the trial of an action of replevin the parties filed an agreement in the following terms :—"This case settled by the parties as follows, to wit: The defendant confesses judgment in favor of the plaintiff for $1,000, and costs of suit; and the plaintiff agrees to accept said judgment in full, of all claim for damages or otherwise in said suit; and further releases and discharges said defendant from all claims, dues, debts, demands and damages which he may or ought to have against said defendant in excess of said judgment of $1,000."

This judgment not being paid, the plaintiff brought an action against the sureties of the defendant on the claim property bond given by him, on the trial of which the defendants (sureties) claimed that the said confession of judgment included other indebtedness than that involved in the replevin suit. The testimony as to this was, however, conflicting: *Held*, that if such were the case, the sureties on the bond would be discharged; but whether or not the confession did include outside indebtedness was properly submitted to the jury, on all the evidence, as a matter of fact.

November 20th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Butler county :* Of July Term 1882, No. 175.

Debt, by Jacob Frederick, assignee of George Walter, sheriff of Butler county against W. H. Bradford, A. A. Shutt, W. H. Hoffman, R. V. Abbott, P. Christie and John Satterfield, upon a claim property bond in replevin, wherein W. H. Bradford was principal and the other defendants were sureties.   The defendants pleaded nil debet, and a special plea setting up that the judgment in the replevin suit was entered by confession of the parties, without the knowledge of the sureties, on the bond, and further, that the said confessed judgment includes the settlement of other and distinct claims than those involved in the replevin suit.

On the trial, before BREDIN, J., the following facts appeared :  Jacob Frederick brought an action of replevin to March Term 1876 against W. H. Bradford, who retained the property, and, with the above named sureties, gave to the sheriff the bond in suit, for $5,000 with the usual conditions, inter alia " to abide by the judgment of the court in all things relating to the premises."

Frederick entered a rule of reference, and there was an award of arbitrators in his favor for $1,148.89, from which Bradford

appealed to the Common Pleas. The case being on the trial list, the plaintiff and defendant compromised their differences and executed under seal the following agreement, which was filed, and on which judgment was entered according to its terms:

" And now, March 27th 1878, this case settled by the parties on following terms, to wit: W. H. Bradford, the defendant, confesses judgment in favor of the plaintiff for one thousand ($1,000), and costs of suit. Plaintiff to file no bill for witnesses to this term. And Frederick agrees to accept said judgment in full of all claim for damages or otherwise in said suit and further releases and discharges said Bradford and from all claims, dues, debts, demands and damages which he may or ought to have against said Bradford in excess of said judgment of $1,000."

This judgment not being paid, Frederick obtained an assignment of said bond from the sheriff and brought this suit thereon. The testimony, on the question whether any other matters than those arising in the replevin suit were included in the amount of the judgment, was conflicting.

The defendant presented the following points:

3. " That in order to sustain an action against the surety on a property bond given by a defendant, in an action of replevin; a judgment must first be obtained in the action of replevin against the defendant by some one of the modes provided by law for allowing it, to wit, on trial by jury, award under the compulsory arbitration law unappealed from, &c., either of which would be a judgment of the court and binding on the surety on the replevin bond, but otherwise if obtained by confession in amicable settlement without the privity of the surety."

Answer. " Refused. A judgment by confession is a judgment of the court, and a surety need not be privy to it to make it valid as against him."

7. " The paper of settlement offered by the plaintiff between Frederick the plaintiff, and Bradford defendant in the replevin suit, is clear and unambiguous in its terms; it included not only a settlement of the replevin suit but other matters with which the sureties had nothing to do. That settlement must now stand as the settlement of the parties unless it is clearly shown that it was made through fraud or mutual mistake."

Answer. " We refuse this. What was included in the judgment is submitted to the jury as a question of fact under all the evidence."

8. " That no clear evidence having been shown that the settlement between Frederick and Bradford, set forth in the paper offered by plaintiff, was procured by fraud or mutual mistake between the parties, the contract of settlement as written must be considered as the settlement between the parties and the sure-

[Bradford *v.* Frederick.]

ties are thereby discharged, the settlement containing matters in dispute for which they were not liable."

Answer. "We refuse this. What was included in the judgment is submitted to the jury on all the evidence as a question of fact."

The court in the general charge said, inter alia: ["We say, they (the sureties) are bound to pay this judgment, although it was obtained by confession, unless they have some other defence to the judgment more than that—some better objection—some better reason for not wanting to pay than that it was a judgment by confession and that they were not consulted about it. . . . . If they have satisfied you by the weight of the evidence that this judgment by confession included a blacksmith bill or a house-rent bill or other debts due by Bradford to Frederick then they cannot be held and your verdict should be for the defendants.] We further instruct you that such judgment is not invalidated as to the sureties who gave the bond because the plaintiff forgave the defendant debts owing by him to the plaintiff which could not have been recovered from him in said suit. But if other debts were included in said judgment and were made a part of it then there can be no recovery on the bond against the sureties, because the sureties did not agree to become liable or make themselves responsible for any other debt due by Bradford to Frederick, but merely bound themselves for the amount of any judgment that might be recovered against Bradford in the case. Further than that they did not agree to pay. You will take up the evidence and decide which of these parties is right."

Verdict and judgment for the plaintiff. The defendant took this writ of error, assigning for error the answers of the court to their points as above and the portion of the charge above quoted within brackets.

*T. C. Campbell,* for the plaintiff in error.—No condition of the bond has been broken. While a judgment by confession as between the parties is as valid as a judgment on a verdict, yet as against sureties on a collateral bond, conditioned to abide by the judgment of the court, such a judgment is not binding as "a judgment of the court:" Eldred *v.* Bennett, 9 Casey 183; Hallett *v.* Mountstephen, 2 Dow. & Ry. 343; Morris on Replevin, 283; Jamieson *v.* Capron, 14 Norris 20. The compromise paper itself showed that claims other than those arising out of the replevin suit, and with which the sureties on the bond had nothing to do, were included in the settlement. The court should therefore have affirmed our seventh and eighth points instead of submitting the parol testimony to the jury to find what claims the judgment included.

[Bradford *v.* Frederick.]

*R. P. Scott*, for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, December 30th 1882.

This was a suit against the sureties on a property bond given in action of replevin. Payment was resisted upon two grounds, viz: 1. That there was no judgment of the court against Bradford in the replevin suit; the said suit having been settled by the parties and a judgment confessed, without the knowledge of the sureties, and 2. That other matters were embraced in the settlement which had no connection with the replevin suit.

Eldred *v.* Bennett, 9 Casey 183, was cited in the support of the first proposition. That case decided that an award, embracing among others, the matter in controversy in the action of replevin, on which no judgment has or can be entered, is not sufficient to fix the sureties in a property bond. We have no doubt of the soundness of this ruling. It has little application to the present case however for the reason, that here we have a judgment in due course of law. It was confessed by the party it is true, but it is none the less a judgment. Prior to the confession of judgment, Frederick, the plaintiff in the replevin, had entered a rule of reference under which arbitrators were chosen, and an award made in his favor for $1,148.89. The defendant Bradford appealed from this award and subsequently confessed judgment for $1,000. Had there been no appeal there can be no doubt the sureties in the property bond would have been fixed for the amount: Eldred *v.* Bennett, supra. The judgment confessed was for a less sum, and in the absence of fraud or collusion, I see no reason why it should not bind the sureties. There is no difference in legal effect between a judgment confessed and a judgment on the verdict of a jury: Hopkins *v.* West, 2 Norris 109; Lamb's Appeal, 8 Id. 407; Bredin's Appeal, 11 Id. 241. It was said by our brother STERRETT, in Jamieson *v.* Capron, 14 Norris at page 20: "The plaintiff in error in becoming surety for the defendants in the actions of replevin, must be considered as having contracted with reference to the law applicable to the trial and final determination of the cases, and with the view of becoming responsible for the amount that might ultimately be adjudged against the defendants." This language is applicable here. The confession of a judgment by the defendant is a recognized and orderly mode of ending a pending suit. If an award of arbitrators under the compulsory arbitration Act, unappealed from, would fix the sureties, why should not a judgment confessed for a less sum after an appeal have the same effect? Its bears upon its face the evidence that it was not the result of collusion.

If, however, the judgment included matters outside the

replevin suit it is clear the sureties would be relieved. They undertook and agreed to become liable only for the amount which Frederick might recover against Bradford in that suit. The learned judge left this branch of the case to the jury with proper instructions. They found that the judgment embraced nothing but the replevin suit. Evidence was given without objection, explanatory of the settlement of March 27th 1878, and the learned judge could do no less than submit it to the jury.

Judgment affirmed.