[No. 14513.    In Bank. — April 9, 1892.]

# CARL SELIGMAN, RESPONDENT, *v.* MARY AR-MANDO, APPELLANT.

CLAIM AND DELIVERY — ACTION BY RECEIVER OF INSOLVENT DEBTOR — SUF-FICIENCY OF EVIDENCE. — The evidence in this case held sufficient to sustain the findings as to the value of property transferred by an insolvent debtor to the defendant, who was her sister, and as to the defendant's knowledge of the insolvency at the time of the removal of the goods, and to sustain a judgment in favor of the receiver of the insolvent debtor for the recovery of the property.

ID. — EVIDENCE — KNOWLEDGE OF CONTEMPLATED INSOLVENCY — RULING WITHOUT PREJUDICE. — The defendant having testified that at the time when she bought the goods of her sister she did not know that her sister was insolvent, and in reply to subsequent questions stated that she made no inquiry as to her financial condition, and supposed that the business was "going good with them," it is not prejudicial error for the court to sustain an objection to a question asked of the defendant as to whether she knew at the time that her sister contemplated going into insolvency.

ID. — MINGLING OF GOODS — ALTERNATIVE JUDGMENT. — In an action of claim and delivery, where the evidence shows that the goods were confused and mixed with other goods belonging to the defendant, so that they were not distinguishable, it is not necessary that a judgment for the plaintiff should be in the alternative form.

PLEADING — SPECIAL DEMURRER — UNCERTAINTY — WAIVER OF OBJECTION — APPEAL. — Objections against a complaint which should have been made by demurrer on the ground of uncertainty cannot be urged upon appeal, where no demurrer has been filed in the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The action is one of claim and delivery, brought by the plaintiff, Carl Seligman, as the receiver of an insolvent debtor, Pauline Calori, to recover a portion of a stock of groceries, of the value of five hundred dollars, alleged to belong to the insolvent, and to have been removed and secreted by her for the purpose of defrauding her creditors, and to have been received and mingled by the defendant with her own goods in another store building, so that the same were indistinguishable, the defendant having received them with knowledge of the fraud and for the purpose of assisting in it. Further facts are stated in the opinion of the court.

*Smith, Winder & Smith,* for Appellant.

The judgment was not in the alternative, as required by section 667 of the Code of Civil Procedure, and should therefore be reversed. (*Washburn* v. *Huntington,* 78 Cal. 573; *Berson* v. *Nunan,* 63 Cal. 552; *Kneebone* v. *Kneebone,* 83 Cal. 645; *McCue* v. *Tunstead,* 66 Cal. 486; *Campbell* v. *Jones,* 38 Cal. 507; *Welch* v. *Smith,* 45 Cal. 230.)

*Graff & Latham,* for Respondent.

The plaintiff was entitled to all the property of the insolvent, and could follow it into the store of the defendant, whose own wrong caused them to be indistinguishable. (*Hart* v. *Ten Eyck,* 2 Johns. Ch. 108; 2 Kent's Com., sec. 365; *Wellington* v. *Sedgwick,* 12 Cal. 476.) The purchase was void against the assignee. (Insolvent Law, sec. 55; *Washburn* v. *Huntington,* 78 Cal. 573.) As the property had been hopelessly lost by its confusion with other goods, a judgment in the alternative was unnecessary. (*Caruthers* v. *Hensley,* 90 Cal. 559; *Claudius* v. *Aguirre,* 89 Cal. 501; *Burke* v. *Koch,* 75 Cal. 356.)

PATERSON, J. — The appellant relies for a reversal of the judgment upon the insufficiency of the evidence to support the findings. We have read the testimony, and think there is abundant evidence to support all the findings of the court. While it is true the only direct testimony as to the value of the goods taken is that of the defendant, there is sufficient evidence in the statement to support the finding of the court that the property was worth five hundred dollars. Defendant testified that she paid Mrs. Calori $325 for the property, and that the price agreed upon was "a little less than she had paid." Mrs. Calori, one of the witnesses, testified that the goods in the store, one week before the attachment was levied, were worth about two thousand five hundred dollars; and that at the time of the attachment the stock was worth no more than eight hundred dollars. According to the testimony of the

defendant, the goods sold in the ordinary course of business during the week previous to the attachment did not exceed in value the sum of six hundred dollars.

There is enough in the defendant's own testimony to support the finding that she was aware of the fact that Mrs. Calori was insolvent at the time the goods were removed from the store. (*Washburn* v. *Huntington*, 78 Cal. 577.)

It is claimed that there is nothing to show that the defendant " confused and mixed said goods with a stock of groceries owned by her in said building so that the same were indistinguishable." C. H. Plummer, a salesman for Newmark & Co., testified that he examined the goods in the store of the defendant and found a large number of articles which had been sold to Mrs. Calori, but that the goods taken from the Calori store were, with the exception of a few articles, so intermingled with the goods of the defendant that they were not distinguishable. It was not necessary, therefore, that the judgment should be in the alternative form. (*Caruthers* v. *Hensley*, 90 Cal. 559.)

The defendant was not prejudiced by the ruling of the court sustaining the objection to the question, " Did you know at that time that Mrs. Calori contemplated going into insolvency? " The defendant had testified previously that she did not know that her sister, Mrs. Calori, was insolvent, and in reply to subsequent questions, stated that she made no inquiry with regard to the financial condition of Mrs. Calori, and supposed that the business was " going good with them."

While the complaint cannot be regarded as a model of pleading, we think it is sufficient to support the judgment. The objections now urged against it should have been made by demurrer on the ground of uncertainty. No demurrer to the complaint was filed.

Judgment and order affirmed.

SHARPSTEIN, J., HARRISON, J., McFARLAND, J., GAROUTTE, J., and DE HAVEN, J., concurred.