KILPATRICK-KOCH DRY GOODS COMPANY V. REUBEN ROSENBERGER.

FILED JANUARY 5, 1899. No. 8619.

Replevin: JUSTICE OF THE PEACE: JURISDICTIONAL AMOUNT. Whether or not a justice of the peace in a replevin action should, because of want of jurisdiction, certify the same to the district court for trial depends upon the appraisement provided for by section 1038, Code of Civil Procedure.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*W. W. Morsman,* for plaintiff in error.

*Horton & Blackburn, contra.*

RYAN, C.

This action of replevin was brought by Rosenberger & Co. before W. A. Foster, a justice of the peace of Douglas county. Afterwards, by intervention, Kilpatrick-Koch Dry Goods Company sought to establish a right of possession to the personal property in dispute. The appraisers fixed the value of the property at $190.78, and accordingly a bond was executed as provided by law. Upon the trial of the case the justice of the peace found that the value of the property exceeded $200, and thereupon, without doing more, certified the cause to the district court. In the district court exceptions were filed to its jurisdiction of the subject-matter, and these exceptions were sustained. It is conceded that the question involved is whether section 1038, Code of Civil Procedure, describes the appraisement by which the jurisdiction of a justice of the peace in cases of this kind is to be determined. That section is as follows: "For the purpose of fixing the amount of the undertaking, the value of the property shall be ascertained by the oath of two responsible persons, whom the officer shall swear truly to assess the value thereof." In *Hill v. Wilkinson,* 25 Neb. 103, it was held that the appraisement under the provisions of this section is the appraisement by which the jurisdiction of the justice of the peace is to be determined, and the same view was announced in *Bates v. Stanley,* 51 Neb. 252. Under the provisions of section 1039, Code of Civil Procedure, therefore, the district court properly held that the case was not one which should have been certified up, as this was, and its judgment is accordingly

AFFIRMED.