WALTER L. SELBY V. P. J. MCQUILLAN ET AL.

FILED OCTOBER 18, 1899. No. 8,992.

1. **Justice of the Peace: JURISDICTION: REPLEVIN.** Prior to the enactment of chapter 92, Session Laws of 1899, the jurisdiction of a justice of the peace in an action of replevin depended upon the appraised value of the property in suit.

2. ———: REPLEVIN JUDGMENT. A judgment rendered by a justice of the peace in an action of replevin, for a return of the property

Selby v. McQuillan.

and $50 damages, or in case a return could not be had, for $200 and costs, is valid.

3. ———: ———: ———: APPEAL. An appeal from such judgment invests the district court with jurisdiction of the cause, and it may, on the trial, if the issues are found in favor of the defendant, render judgment in his favor for the ascertained value of the property, whatever that may be.

4. Replevin: BOND: LIABILITY OF SURETY. The essence of a contract entered into by a surety in behalf of a plaintiff in an action of replevin is that he will satisfy the judgment which the law requires to be rendered, in case the findings of the trial court are in favor of the defendant.

5. ———: JUDGMENT: FORM: PARTIES. Section 191a of the Code of Civil Procedure, which declares that the judgment in favor of a defendant in replevin shall be in the alternative, was enacted in the interest of litigants, and not for the benefit of sureties, and only contemplates the rendition of a judgment in the prescribed form where, under the conditions existing at the time of the trial, such a judgment would or might be of practical value to one or both of the parties.

6. ———: ———: ACTION ON APPEAL BOND. The failure to render an alternative judgment in replevin is no defense to an action on an appeal bond given in behalf of the plaintiff, where the property can not be returned, and that fact has, upon proper inquiry, been determined by the court.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J. *Affirmed.*

See opinion for statement of the case.

*Hall & McCulloch*, for plaintiff in error:

A surety on an appeal bond can not be held in an appellate court for a larger amount than the lower court had jurisdiction to render. See *Union P. R. Co. v. Ogilvy*, 18 Nebr., 638; *O'Leary v. Iskey*, 12 Nebr., 136; *Courtnay v. Price*, 12 Nebr., 192; *Fuller v. Schroeder*, 20 Nebr., 631.

Unless an alternative judgment is entered, the judgment is not one upon which an action on an appeal bond can be based. See *Singer Mfg. Co. v. Dunham*, 33 Nebr., 686; *Field v. Lumbard*, 53 Nebr., 397; *Lee v. Hastings*, 13 Nebr., 508.

*John P. Breen,* contra.

References: *Bates v. Stanley,* 51 Nebr., 254; *Flannagan v. Cleveland,* 44 Nebr., 58; *Johnson v. Reed,* 47 Nebr., 322; *Howell v. Alma Milling Co.,* 36 Nebr., 86; *Goodman v. Kennedy,* 10 Nebr., 270; *Manker v. Sine,* 35 Nebr., 746; *Eickhoff v. Eikenbary,* 52 Nebr., 332; *Pasewalk v. Bollman,* 29 Nebr., 519; *Thomson v. Joplin,* 12 S. Car., 580.

SULLIVAN, J.

Wilkinson sued McQuillan before one of the justices of the peace for Douglas county to recover the possession of specific personal property. In execution of the order of delivery the chattels therein described were seized, appraised and turned over to the plaintiff, he having first given the undertaking required by the statute in such cases. A trial of the cause to a jury in the justice court resulted in a verdict in favor of the defendant, in which the value of the property was fixed at $200 and the damage occasioned by the wrongful retention at $50. The judgment was in the alternative form—for a return of the property and the damages assessed, or in case a return could not be had, for the ascertained value and for costs. To enable the plaintiff to prosecute an appeal from this judgment Walter L. Selby executed an appeal bond in the usual form. The cause was thereupon docketed in the district court, where the following judgment was afterwards rendered: "This cause now comes on to be heard on motion of the plaintiff for a new trial herein; on consideration whereof the court overrules the same, to which plaintiff duly excepts; and the court finds that the defendants recover from the plaintiff the sum of $520.82, it being shown from the evidence that return of the property in question cannot be had. The court further finds that Walter L. Selby is surety on the appeal bond herein, and that he is liable as such surety on said appeal bond in the sum of $520.82, and for costs. It is therefore considered, ordered, and adjudged by the court

that the defendants have and recover of and from the plaintiff John J. Wilkinson, as plaintiff, and Walter L. Selby, as surety, the said sum of $520.82, and the costs of this action, taxed at $90.83, and execution awarded therefor." The judgment against Selby being afterwards reversed by this court (*Selby v. McQuillan*, 45 Nebr., 512), the present action was instituted by McQuillan to recover on the appeal undertaking. The answer denied the validity of the bond, denied that defendant was bound to satisfy the judgment, since it was not in the form prescribed by the statute, and alleged that the property was in existence and capable of being returned at the time of the trial in the district court. All the issues were decided in favor of the plaintiff, and he was given judgment in accordance with the prayer of his petition. The defendant prosecutes error.

The first contention is that the bond is void because (1) the judgment pronounced by the justice of the peace was in excess of his lawful authority; and (2) because the district court, exercising a derivative jurisdiction merely, was without authority to take cognizance of the case, or to render judgment for a sum in excess of $200. Prior to the enactment of chapter 92, Session Laws of 1899, the jurisdiction of a justice of the peace to hear and determine actions of replevin was made to depend upon the appraised value of the property. See *Hill v. Wilkinson*, 25 Nebr., 103; *Bates v. Stanley*, 51 Nebr., 252; *Kilpatrick-Koch Dry Goods Co. v. Rosenberger*, 57 Nebr., 370, 77 N. W. Rep., 770. The appraisement in the suit brought by Wilkinson against McQuillan was $99.10. The justice had, therefore, jurisdiction to try the cause; and the judgment rendered, having been for a return of the property and damages, or for $200 and costs in case a return could not be had, was authorized by law and entirely valid. This being so, the appeal invested the district court with jurisdiction of the cause and with power to render a judgment for the value of the property, even though such

15

amount should be in excess of the jurisdiction given to justices of the peace. See *Bates v. Stanley, supra.*

The next question to consider is whether the defendant is liable for the satisfaction of the replevin judgment in the form in which it was given. *Lee v. Hastings,* 13 Nebr., 508, and *Field v. Lumbard,* 53 Nebr., 397, are cited in support of the contention that he is not so liable. According to the doctrine of these cases, the essence of the contract entered into by a surety in behalf of a plaintiff in replevin is that he will satisfy the judgment which the law requires to be rendered in case the defendant shall succeed in the action. Assuming that the principle of these decisions is applicable where the suit is on an appeal bond given in replevin, we have to inquire what judgment is, in contemplation of law, to be rendered on a finding of the court or verdict of the jury in favor of the defendant. Section 191*a* of the Code of Civil Procedure declares that the judgment shall be in the alternative form; and this section has been frequently held to be mandatory. See *Hooker v. Hammill,* 7 Nebr., 231; *Singer Mfg. Co. v. Dunham,* 33 Nebr., 686; *Manker v. Sine,* 35 Nebr., 746; *Field v. Lumbard, supra.* But in construing the statute it must be remembered that it was enacted in the interest of litigants, to protect their rights, and not for the benefit of sureties. The section in question does, of course, contemplate that an alternative judgment shall be rendered, if, under the conditions existing at the time of the trial, such a judgment can or may be of practical worth to either of the litigants; but the law does not require vain things. It issues no imperative mandate in any case for the doing of a useless and idle act. It does not command the performance of that which in the very nature of things it is impossible to perform. A judgment directing the return of property which the court had previously determined could not be returned would be entitled to rank as an absurdity with the famous decree of Canute against the waves of the sea. That the law does not require such a judgment where the facts do not

justify it is recognized in *Lee v. Hastings, supra,* for it is there said: "A judgment in an action of replevin, under the act of 1873, must be in the alternative—for a return of the property, or in case a return can not be had, the value thereof, unless it is shown by the record that a return could not have been had." It appears from the judgment of the court in the replevin action that the property taken on the order of delivery could not be returned to McQuillan. It also appears that the district court in this case reached the same conclusion from the testimony of the parties given at the trial. It would seem, therefore, to be pretty conclusively settled that Selby was not prejudiced by the failure to render judgment against Wilkinson in the form prescribed by the statute. We are satisfied that the judgment rendered was the one which, in the circumstances of the case, the law contemplated and required. In the case of *Field v. Lumbard, supra,* upon which counsel for defendant mainly rely, the law contemplated the rendition of an alternative judgment because the court did not ascertain and decide that the return of the property was impossible. The judgment of the district court is right, and is

AFFIRMED.