[Civ. No. 602.   First Appellate District.—May 29, 1909.]

MARGARET J. DONOVAN, Respondent, v. AETNA IN-
   DEMNITY COMPANY OF HARTFORD, CONNECTI-
   CUT, Appellant.

APPEAL—RECORD—STATEMENT NOT SERVED IN TIME—JURISDICTION OF
   JUDGE.—A superior judge has no jurisdiction to settle a statement
   on motion for a new trial which was not served in time; and such
   settled statement is no part of the record either upon appeal from
   the judgment, or upon appeal from the order denying the motion
   for a new trial.

ID.—ACT FOR SPECIAL HOLIDAYS ADJUDGED INVALID—TIME FOR SERVICE
   OF STATEMENT NOT EXTENDED.—The act of 1907, upon which the
   special holidays declared by the governor were based, having been
   adjudged invalid, the duration of such holidays could not operate to
   extend the time to be computed for the service of a statement on
   motion for a new trial.

ID.—STIPULATION NOT WAIVING EXCEPTIONS.—A stipulation reserving
   the exceptions of respondent that the statement was not served in
   time, merely consenting to permit the presenting of both appeals on

a record printed in one transcript, does not have the effect to consent that the settled statement should be considered upon appeal from the judgment.

ID.—RECORD UPON APPEAL.—The only record that can be considered upon both appeals consists of the judgment-roll and the notices of appeal.

ACTION UPON REPLEVIN BOND—LIABILITY OF SURETY UNDER STATUTE TO PAY JUDGMENT FOR VALUE.—In an action upon a replevin bond the surety is liable under the statute "for the failure of the plaintiff to pay to defendant such sum as may from any cause be recovered against the plaintiff," when it appears that the only judgment rendered was a personal judgment in favor of defendant against the plaintiff, which is unpaid, and there is no other breach of the bond in any other respect covered by it under the statute.

ID.—JUDGMENT FOR VALUE ALONE, WHEN PROPER.—Where it appears that a delivery of the property cannot be had, a judgment for the value without the alternative is proper. Such a judgment is not void in any case; and in many cases would not be even erroneous. An absolute judgment for the money is equivalent to a finding that delivery cannot be made.

ID.—FACTS PRESUMED UPON APPEAL TO SUPPORT JUDGMENT FOR VALUE ONLY.—When findings of fact in the replevin suit were waived, and the judgment-roll is without findings, facts sufficient to support the judgment must be presumed, and the judgment being one that the court might lawfully make, it must be presumed not erroneous.

ID.—WANT OF ALTERNATIVE JUDGMENT NOT AFFECTING LIABILITY OF SURETY.—It is held, both upon principle and authority, that the defendant surety on the replevin bond was not released from liability, merely because the judgment entered was not in the alternative, and did not direct a return of the property taken on the replevin bond.

ID.—STIPULATED JUDGMENT—JUDGMENT OF COURT—SURETIES BOUND.— A judgment entered on a stipulation is none the less a judgment of the court because consented to by the parties; and, in the absence of fraud and collusion, no good reason appears why the sureties on a replevin bond are not bound by the judgment so obtained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    James M. Troutt, Judge.

The facts are stated in the opinion of the court.

George F. Hatton, Walter H. Robinson, and Hartley F. Peart, for Appellant.

Welles Whitmore, Alexander & O'Donnell, D. E. Alexander, and John O'Donnell, for Respondent.

HALL, J.—In this case two appeals are presented in one transcript—an appeal from the judgment, taken March 9, 1908, and an appeal from the order denying defendant's motion for a new trial, taken April 16, 1908.

Preliminary to taking up the main points involved in the appeal it is necessary to dispose of the objection made by the respondent that the statement on motion for a new trial is properly no part of the record upon either appeal for want of jurisdiction in the court to settle the same. At the hearing upon the settlement of the statement, respondent objected to the settlement thereof upon the grounds, first, that the notice of intention to move for a new trial was not filed within the time provided by law, and, second, that the proposed statement on motion for a new trial was not. served upon plaintiff within the time provided by law. These objections are preserved and presented in a bill of exceptions properly settled.

Whether or not the notice of intention to move for a new trial was filed in time is not important, for it is perfectly clear that the proposed statement was not served in time. At the hearing of the objections to the settlement of the statement it was stipulated "that defendant's statement was served on December 12, 1907, which date was too late unless the time in which to serve same was extended by the special holidays then in force under proclamations of the governor." These so-called special holidays under the act of 1907, amending sections 10 and 135 of the Code of Civil Procedure, have, since the settlement of the statement in this case, been held to have been no holidays at all. (*Diepenbrock* v. *Superior Court of Sacramento Co.*, 153 Cal. 597, [95 Pac. 1121].) The statement having been served too late, the judge had no jurisdiction to settle the same, and it cannot be considered on these appeals. (*Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279, [61 Pac. 955]; *Freese* v. *Freese*, 134 Cal. 49, [66 Pac. 43].)

In thus holding we have not overlooked the suggestion of appellant, made at the oral argument, that respondent by a stipulation has consented that such statement may be taken as a bill of exceptions on the appeal from the judgment. As we read the stipulation, it has no such effect. By preserving, in said stipulation, the respondent's bill of exceptions taken

on such settlement, it is manifest that respondent did not waive his objections that said statement was not served in time, but intended to preserve his objections and exceptions thereto. The purpose of the stipulation was simply to permit the presenting of both appeals upon a record printed in one transcript.

The only record that we can look into upon these appeals consists of the judgment-roll and notices of appeal.

The action was brought to recover upon a replevin bond given by defendant in an action entitled "Mrs. A. B. Deussing vs. Margaret J. Donovan et al.," to enable the plaintiff in the replevin suit to take from the possession of the defendant in that suit, Margaret J. Donovan, the possession of the property sued for.

It is alleged, among other things, in the complaint in this action "That afterward, on, to wit, the 19th day of September, 1905, in said action in said Superior Court, Department No. 4 thereof, judgment was duly given and made in favor of the defendant, Margaret J. Donovan, and against the plaintiff, Mrs. A. B. Deussing, for the sum of .$1250.00 principal, and $4.00 costs, aggregating the sum of $1254.00, and said judgment was duly entered on the 25th day of September, 1905, in Judgment Book No. 96, at page 431, of the records of said Superior Court."

In its findings of fact the court found the facts as to the judgment in the replevin suit exactly as alleged in the complaint, and further found:

"That said judgment was so given, made and entered as aforesaid in pursuance of a stipulation in writing, entered into by the respective parties to said action on the 19th day of September, 1905, and by said stipulation findings of fact and the right to move for a new trial, and the right to appeal from said judgment, was waived, and said judgment then and there became, and is now, a final judgment, and that no part thereof has ever been paid, and the same is now wholly unsatisfied."

It is now urged that the findings do not support the judgment, first, because the judgment in the replevin suit was not in the alternative, that is the judgment does not comply with the requirements of section 667, Code of Civil Procedure, that the judgment must be for the return of the property,

or in case return thereof cannot be had, for its value; and, second, because the judgment in the replevin suit appears to have been rendered and entered by consent of the parties to said suit.

1. The statute under which the bond was given requires the giving of a bond by the plaintiff in the replevin suit, with two or more sureties, "to the effect that they are bound to the defendant in double the value of the property, as stated in the affidavit, for the prosecution of the action, for the return of the property to the defendants if return thereof be adjudged, and for the payment to him of such sum as may from any cause be recovered against the plaintiff."

By the language of the statute the surety is required to bind himself to answer for three things:

First—For the failure of the plaintiff to prosecute the action;

Second—For the failure of the plaintiff to return the property, if a return thereof be adjudged; and

Third—For the failure of the plaintiff to pay to the defendant such sum as may from any cause be recovered against the plaintiff. (Code Civ. Proc., sec. 512.)

The bond now in suit is in exact accord with the statute. By its terms the surety (appellant herein) bound itself in the penal sum of $3,600 "for the prosecution of said action, for the return of said property to said defendants, if return thereof be adjudged, and for the payment to said defendants of such sum as may from any cause be recovered against said plaintiff." The plaintiff in the replevin suit did prosecute the action to judgment, and there was therefore no breach of the condition of the bond for failure to prosecute the action.

No judgment for the return of the property was rendered or entered, and there was therefore no breach of the bond on that score.

A judgment against plaintiff in the replevin suit for the payment of the sum of $1,258 to defendant therein (plaintiff herein) was entered, which has not been paid.

It is difficult to see why the surety on the replevin bond is not liable for failure of the principal to pay such judgment. It has been said that the primary purpose of an action in replevin is to enforce a right of possession in personal prop-

erty, and this is true. But it sometimes happens that it becomes impossible in the action to specifically enforce the right of possession, and in such cases a money compensation may be given in lieu thereof. Ordinarily the judgment, in form, requires a delivery or return of the property, with an alternative for the payment of the value thereof in case a return cannot be had. (Code Civ. Proc., sec. 667.) But the law is well established that where it appears that a delivery of the property cannot be had the judgment need not be in the alternative, but may properly be for its value alone. A judgment for the value, without the alternative for the delivery of the property, is not void, even though erroneous, and in many cases such a judgment would not even be erroneous. (*Erreca* v. *Meyers*, 142 Cal. 308, [75 Pac. 826]; *Brown* v. *Johnson*, 45 Cal. 76; *Burke* v. *Koch*, 75 Cal. 356, [17 Pac. 228]; *Seligman* v. *Armando*, 94 Cal. 314, [29 Pac. 710].) See, also, *Boly* v. *Griswold*, 20 Wall. 486, where it is said: "The court must be satisfied that the delivery cannot be made before it can adjudge absolutely the payment of money. But, if so satisfied, it may so adjudge. A special finding to that effect is not necessary. An absolute judgment for the money is equivalent to such a finding."

The cases just cited are all cases where judgments for plaintiff, in replevin, for a sum of money only, were affirmed, it being held that where from any cause, such as the loss or destruction of the property, a delivery cannot be had, the judgment need not provide for any delivery. For precisely the same reason a judgment for defendant in a replevin suit may properly be for a sum of money only. If after the taking of the property on the replevin bond, from the possession of the defendant, it should be lost or destroyed while in the possession of the plaintiff, the plaintiff is liable to the defendant for the value of the property. (*De Thomas* v. *Witherby*, 61 Cal. 92, [44 Am. Rep. 542].)

Such being the law, it is perfectly clear that if, at the trial of the replevin suit, it should appear that for any reason the property taken on the replevin bond from the defendant cannot be returned, a judgment for its return would be idle and vain, and the court may without error, and certainly without exceeding its jurisdiction, give a money judgment to defendant for its value.

Such a judgment would certainly be within the condition of the replevin bond, given in accordance with the statute, whereby the surety bound himself or itself "for the payment to him" (defendant) "of such sum as may from any cause be recovered against the plaintiff." (Code Civ. Proc., sec. 512.)

What became of the property taken on the replevin bond, or what disposition was made thereof, does not appear from the judgment-roll in this case, which, as we have before shown, is the only record properly before us. Findings of fact in the replevin suit were waived, and the judgment was therefore without findings. Upon a direct appeal from such judgment, upon the judgment-roll, we would be obliged to assume that the facts supported the judgment. The same assumption must be made here. The judgment was against the plaintiff in the replevin suit, for the payment to defendant therein (plaintiff herein) of a sum of money. The judgment on its face was clearly one that the court might lawfully make in such suit, and must be presumed to be not even erroneous. (*Errecca* v. *Meyers,* 142 Cal. 308, [75 Pac. 826]; *Brown* v. *Johnson,* 45 Cal. 76; *Burke* v. *Koch,* 75 Cal. 356, [17 Pac. 228]; *Seligman* v. *Armando,* 94 Cal. 314, [29 Pac. 710]; and *De Thomas* v. *Witherby,* 61 Cal. 92, [44 Am. Rep. 542]; *Boly* v. *Griswold,* 20 Wall. 486.)

Thus far, in our discussion of the liability of sureties on a replevin bond, we have not noticed any of the decisions of the courts concerning such liability where judgment was entered for defendant in the replevin suit, without adjudging a return of the property taken on the replevin bond. We think we have clearly shown that under the established law of this state such a judgment may be properly entered, and that under the language of replevin bonds given under our statute, the sureties are liable for the payment of any sum of money to the defendant in the replevin suit that may be for any cause recovered against the plaintiff in such suit.

When we come to examine the authorities upon the liability of sureties on replevin bonds there appears to be some conflict as to the correct rule. This seeming conflict may perhaps arise out of differences in the conditions of replevin bonds under the laws and practice in different states.

In *Mason* v. *Richards,* 12 Iowa, 73, the surety on the replevin bond was held liable for a money judgment only. The court said: "An irregular judgment for the value of property taken in replevin, in which no order for the return of the property was made, does not change the liability of a surety in an action on the replevin bond."

So, also, in *McCarthy* v. *Strait,* 7 Colo. App. 59, [42 Pac. 189], it is held that the sureties are liable where a judgment for money only is entered without adjudging a return of the property. It was there said: "The undertaking of the sureties was secondary—collateral. Upon the default of the principal their liabilities as sureties attached. They were not parties to the adjudication in replevin, nor could they in this case avail themselves of any errors or defects in it. It was *res adjudicata.* Their undertaking was, in case of the default of the principal, to pay to the defendant such sum of money as might from any cause be recovered against said plaintiff. A judgment was entered against the principal, which he failed to pay."

*Dorrington* v. *Meyer,* 8 Neb. 211, also holds that sureties are liable for the judgment in the replevin suit, though for money only without an alternative for the return of the property. (See, also, *Barry* v. *Frayer,* 57 Tenn. 207.)

On the other hand, *Gallarato* v. *Orser,* 27 N. Y. 327, and *Ladd* v. *Prentice,* 14 Conn. 109, seem to hold to the contrary. In the New York case, however, the action was against the sheriff for failure to justify the sureties; and what was said as to the liability of the sureties may be *obiter;* and in Connecticut the condition of the bond is quite different from the condition of a similar bond in this state.

*Thomas* v. *Irwin,* 90 Ind. 557, also seems to sustain the proposition that the sureties are not liable for the value unless there be a judgment for the return of the property, but it is impossible to determine from the case whether or not any judgment was entered in the replevin suit for the value. The case ends by holding that the complaint against the sureties did state a cause of action against them.

Certain it is that the cases directly in point with the case at bar hold the sureties on the replevin bond liable for the money judgment, though no return of the property be adjudged. (*Mason* v. *Richards,* 12 Iowa, 73; *McCarthy* v.

*Strait,* 7 Colo. App. 59, [42 Pac. 189] ; *Dorrington* v. *Meyer,* 8 Neb. 211.)

Appellant, however, places much reliance upon *Nickerson* v. *Chatterton,* 7 Cal. 568, and *Clary* v. *Rolland,* 24 Cal. 148.

The first case was an appeal from an order overruling a demurrer, which attacked a complaint upon a replevin bond upon various grounds. The replevin suit seems to have been tried before a jury, which failed to find the value of the property sued for, though it rendered a verdict for its recovery. The court said: "But there is no averment that any value was found by the jury or the court in that case." The court did say that the judgment must be in the alternative, which we have seen from subsequent cases cited is not always required. No judgment for value was given, and the case is not authority for the proposition that the sureties on the replevin bond are not liable where a money judgment is entered for the defendant without adjudging a return of the property.

In the subsequent case of *Giniaca* v. *Atwood,* 8 Cal. 446, it was held that the decision in *Nickerson* v. *Chatterton* only applies to cases which have been submitted to a jury. For this reason the rule in *Nickerson* v. *Chatterton* is not applicable to the case at bar.

*Clary* v. *Rolland,* 24 Cal. 148, follows *Nickerson* v. *Chatterton* reluctantly upon the doctrine of *stare decisis,* and is authority for the proposition that where a return of the property is adjudged, and no judgment entered for its value, the sureties are not liable for its value. It is not authority for the proposition that where a money judgment is entered, but without adjudging a return of the property, the sureties are not liable for the judgment entered. This case, by quoting from *Giniaca* v. *Atwood,* seems also to recognize that the rule laid down in *Nickerson* v. *Chatterton* only applies where the trial was had before a jury.

Neither case can be said to be authority for the proposition that where judgment is entered for the value without the alternative of a return of the property being adjudged the sureties are not liable.

In other jurisdictions the rule laid down in *Nickerson* v. *Chatterton,* 7 Cal. 568, and followed in *Clary* v. *Rolland,* 24 Cal. 148, has been distinctly repudiated (*Lomme* v. *Sweeny,*

1 Mont. 584; *Marix* v. *Franke,* 9 Kan. 132; *Whitney* v. *Lehmer,* 26 Ind. 503). In each of these cases it was held that the sureties were liable for a judgment for the return of the property, though no alternative judgment for the value had been given.

Both upon principle and authority it is clear to us that defendant was not released from the obligation of its bond to answer for the payment to plaintiff (defendant in the replevin suit) of the sum of money recovered against the plaintiff in the replevin suit, because the judgment entered was not in the alternative, and did not direct a return of the property taken on the replevin bond.

2. As before stated, appellant also insists that the findings do not support the judgment because it appears that the judgment in the replevin suit was entered in pursuance of a stipulation entered into by the respective parties to said suit. In support of that contention he cites *Lee* v. *Hastings,* 13 Neb. 508, 14 N. W. 476. In this case it affirmatively appeared from the complaint that the judgment in the replevin suit was entered in pursuance of a stipulation, which stated that the property could not be returned, and that the interest of the defendant in said suit in said property was of the value of $157.50, and that the judgment should be entered for defendant against plaintiff for said sum. Judgment was entered accordingly, and was not paid.

No demurrer was filed to this complaint, but defendants (the sureties on the replevin bond) filed an answer, setting up affirmatively, first, that the stipulation was entered into without their consent, and that the property at the time of the stipulation was entered into, was in good condition, and in the possession of the plaintiff in the replevin suit, and capable of being returned, which the parties to the stipulation well knew; and second, that in the judgment for $157.50 was included a debt of $44 owing by plaintiff in the replevin suit to the defendant therein, that did not grow out of the action in replevin.

The trial court overruled a demurrer to this answer, and entered judgment against the sureties, and it was this ruling that was before the appellate court. It is manifest that the facts pleaded in the answer showed fraud and collusion between the parties to the replevin suit, which on plain prin-

ciples of equity ought to release the sureties.   The answer
affirmatively showed that the property not only could have
been returned as was well known to the parties to the stipu-
lation stating the contrary, but that the parties agreed to a
judgment, including a debt in no way connected with the
replevin suit.

No such facts appear from the record in this case.   All pre-
sumptions arising from the fact of the judgment must be to
the contrary.   In *Lee* v. *Hastings* the case was returned for
trial upon the issues presented by the affirmative matter set
up in the answer, and without suggestion that the complaint
did not state a cause of action.   As the complaint on its face
showed a judgment entered on stipulation for a given sum,
without adjudging a return of the property, it is difficult to
see why a new trial should have been ordered if the court
had been of the opinion that such facts released the sureties.
What was said in *Lee* v. *Hastings* as to the necessity for an
alternative judgment was subsequently in effect clearly over-
ruled in the later case in the same state of *Selby* v. *McQuillan,*
59 Neb. 158, [80 N. W. 504].

A judgment entered on a stipulation is none the less a
judgment of the court because consented to by the parties.
It is a most common occurrence for parties to a litigation to
stipulate to important facts that often determine the result
of the litigation.   In the absence of fraud and collusion we
see no good reason why sureties on a replevin bond should
not be bound by a judgment thus obtained.   (*Perigo G. M.
etc. Co.* v. *Grimes,* 2 Colo. 652.)   In this case the court held
that a submission to arbitration that provided for the entry
of judgment on the award did not release the sureties on the
replevin bond.   The court said: "As, therefore, it cannot be
doubted that a plaintiff in replevin may, by confessing judg-
ment in favor of the defendant, bind himself and his sure-
ties to the performance of the judgment, no reason is per-
ceived for discharging the sureties when the judgment is ob-
tained according to the terms of a submission to arbitration."

In *Bradford* v. *Frederick,* 101 Pa. 445, it is held that a
confession of judgment is a recognized and orderly mode of
ending a pending suit, and that sureties are not released be-
cause the judgment was confessed.   The court said: "There

is no difference in legal effect between a judgment confessed and a judgment on the verdict of a jury.''

There being nothing in the record to show that the stipulated judgment was the result of fraud or collusion, it was a judgment regularly and lawfully obtained in the replevin suit and we see no reason why the defendant (surety on the replevin bond) should not be bound by it.

The other points referred to in appellant's brief relate to matters that do not appear on the judgment-roll, and cannot be considered.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1909.