[No. 4045.]

## KATE DUNNE ET AL. v. E. B. MASTICK, EXECUTOR OF THE WILL OF NANNIE WALSH, DECEASED.

POWER OF LEGISLATURE OVER INTEREST.—The Legislature has the power to impose on debtors the obligation of paying interest after the passage of the act, on debts already due, and the act is not retrospective.

INTEREST ON LEGACIES.—The Probate Act, prior to the adoption of the Civil Code, did not allow interest on a general legacy, payable in money.

IDEM.—A legacy which was due when the sections of the Civil Code allowing interest on legacies went into effect, drew interest from that time forward.

ACT OF 1850 CONCERNING INTEREST.—The act of 1850, "to regulate interest on money," prohibited interest when not provided for by written contract, except in the cases therein specified.

APPEAL from the Probate Court, County of Colusa.

Mrs. Nannie Walsh died in November 1869, leaving by her last will and testament certain legacies to the surviving relatives, viz.: To her six sisters, Kate, Alice, Fannie, Jane, Henrietta and Mary Dunne, $7500 each; to Mary Dillon, niece, and Julia Dillon, sister of her deceased husband, R. J. Walsh, $5000 each; to Anna Maria Copperthwaite, $5000, and to the two daughters of Patrick Doran, $2500 each. The balance of her estate, real and personal, Mrs. Walsh devised and bequeathed to Charles and Joseph Chambers, thus constituting them her residuary legatees. E. B. Mastick was nominated executor of the will. The will was probated on the 10th day of January, 1870. The executor paid one-fourth of the legacies on the 12th day of March, 1872, and the remaining three-fourths in May, 1872, but paid no

interest. On the 13th day of May, 1873, the legatees peti-
tioned the Probate Court for an order requiring the executor
to pay them interest on their legacies from the 10th day of
January, 1872, up to the time when the legacies were paid.
The residuary legatees contested their right to interest.
The will did not fix any time for the payment of the legacies,
and no order of distribution had been made when the peti-
tion was filed. The Probate Court denied the petition.
The petitioners appealed from the order.

*W. C. Belcher and J. O. Goodwin,* for the Appellants.

Roper and White, in their work on the Law of Legacies,
chapter xx, p. 1245, state the rule broadly. They say:
"With respect to general legacies the law, for convenience,
has prescribed the general rule, that when no time of pay-
ment is named by the testator, and in the absence of any
intention to be inferred from the will itself, such general
legacies shall be raised and satisfied out of the testator's
personal estate at the expiration of one year next after his
death; from which period, if the executor omit to pay the
principal, the legatees will be entitled to interest, though
actual payment within that time be impracticable." (See
*Pearson* v. *Pearson,* 1 Schoales & Lefroy, 10; *Wood* v. *Pen-
oyre,* 13 Ves., Jr., 333; *Raven* v. *Waite,* 1 Swanst. 557; 2
Redf. on Wills, 564–9; *Glen* v. *Fisher,* 6 Johns. Ch. 35; *Kent*
v. *Dunham,* 106 Mass. 586.)

By positive enactment we adopted the common law, and,
as a part of that law, the rule in regard to interest on lega-
cies unless that rule is repugnant to some provision of our
statute. It certainly is not repugnant to any positive pro-
vision of the statute, for the statute prior to the Codes had
no express provision in regard to the matter.

*L. J. Ashford and P. Vanclief,* for the Respondent.

The demand for interest can find no support from our
general statute, which, in the absence of any contract,
only allows interest upon bonds, bills, promissory notes,
and other instruments of writing, *after they become due;* upon
moneys due upon settlement of accounts from the day on

which the balance is ascertained, and upon moneys received to the use of another. And the Probate Act is admitted to be silent on the subject of interest; and, to make legacies payable only upon the order of the court. Counsel for the appellants resort to the common law to sustain their claim for interest.

It seems to us that our statutes cover the whole ground of interest, leaving no room for application of the common law. True, our statute is only permissive in terms, and contains no negative words prohibiting interest in other cases than those in which it is expressly allowed; but, certainly, our courts have understood it to be exclusive of all demands for interest not expressly allowed; and have uniformly denied interest except as permitted by the statute.

In *Davis* v. *Thorn* (6 Texas, 482), it was decided that the mere fact of an administrator holding assets in his hands, is not sufficient to give a right to demand interest; and that the right to demand interest in any case "must depend upon some statute, decree or ordinance of the law-making power."

Chancellor Kent, in *Supton* v. *Supton* (2 Johns. Ch. 627), states the general rule, as to interest upon legacies, to be, that they do not carry interest until after they are payable; and the only exception to the rule to which he alludes is that of "a legacy to a child, payable at a future day, and the child has no other provision nor any maintenance in the meantime, allotted by the will. If there be no such provision the legacy carries interest immediately, on the presumption that the parent must have intended that the child should, in the meantime, be maintained at his expense; but this implication is destroyed, if any provision, however small, be made for maintenance."

By the Court, McKINSTRY, J.:

The question here presented is, whether certain legatees named in the will of Nannie Walsh, deceased, are severally entitled to interest on the amounts of their respective legacies from a date one year after the grant of administration.

The Civil Code provides (in substantial accordance with what is claimed to be the common law), that "legacies are

due and deliverable at the expiration of one year after the testator's decease;" and that "legacies bear interest from the time when they are due and payable, except that legacies for maintenance, or to the testator's widow, bear interest from the testator's decease." (Sections 1368-9.)

In the present case, the testator died, more than a year prior to the adoption of the Civil Code and Code of Civil Procedure. Prior to the time when the latter took effect, the Probate Act constituted in itself a complete probate system, and that act contained no provision allowing interest, as here prayed for.

We are also of opinion—and such seems to have been the uniform ruling—that the act of 1850, "to regulate the interest of money" (as amended), was intended to prohibit interest when not provided for by written contract, except in the cases therein mentioned.

The sections of the Civil Code went into effect on the first day of January, 1873. When interest is not specified in a contract, but is annexed as an incident by statute, it is allowed as damages for the refusal to pay the debt. (15 Wend. 80.) The legacies were due when the Civil Code went into operation. The Legislature had power to impose on all debtors interest from the date of the adoption of the Code, by way of compensation for the delay in the payment of money already due. Such a statute is not retrospective, since it operates only on the future rights of the parties. A fresh demand and refusal would be a new assertion of a right, and would impose a new liability. So in legal effect was a neglect without a demand. (*Bullock* v. *Boyd*, 1 Hoff. Ch. R. 30; *White* v. *Lyons*, 42 Cal. 284.) We think, therefore, that interest at the statutory rate should have been allowed from the first day of January, 1873.

Cause remanded, with direction to the Probate Court to modify its decree so as to accord with this opinion.