[Department One.— June 15, 1883.]

D. P. CUMMINGS, RESPONDENT, *v.* THOMAS B. HOWARD, APPELLANT.

FINDINGS — PRESUMPTION. — In the absence of written findings, the judgment being in favor of the plaintiff, all the facts alleged in the complaint will be presumed to have been found by the court below.

PLEADING — COMPLAINT. — An averment that the defendant promised and agreed to pay the plaintiff seven hundred and fifty dollars, if he, the plaintiff, succeeded

in defeating two certain actions designated in the complaint, is, unless demurred to, good as an averment that he promised to pay *when* the plaintiff succeeded.

DEMAND—INTEREST.—When money becomes due under a contract on the happening of a particular event, no special demand is necessary before the commencement of a suit. In such a case, interest is recoverable from the time the money becomes due. The contract being silent on the subject, the rate of interest is governed by the statute, and if the rate is subsequently increased by a change in the statute, such increased rate may be recovered from the time of the change. Past as well as future debts are equally subject to the power of the legislature to impose interest.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to recover a sum of money with interest alleged to be due from the defendant to the plaintiff as a balance unpaid on a certain contract stated in the complaint. When the money became due, the rate of interest was *seven per cent per annum,* but the statute was afterwards changed, and the rate increased to *ten per cent per annum.* The court allowed seven *per cent* until the change in the statute, and ten *per cent* thereafter. The additional facts appear in the opinion of the court.

*Jarboe & Harrison,* for Appellant.

*Wheaton & Scrivner,* for Respondent.

PER CURIAM.—To sustain the judgment—there being no written findings—all the facts alleged in the complaint will be presumed to have been found by the Superior Court. It is alleged plaintiff made a deed of conveyance of the lands described, to defendant; that when the conveyance was made "doubts existed as to the entire validity of the title, on account" of the pendency of two actions against the property; that the defendant agreed to pay the balance of the purchase money if plaintiff succeeded in defeating the two actions, and in making a clear title; that plaintiff succeeded in defeating both said actions, recovering final judgment in one July 28, 1873, and the other March 22, 1875. The averment that "the defendant paid a small amount of money down, and further promised and agreed in writing to pay seven hundred and fifty dollars, if he, plaintiff, succeeded in defeating" the two actions, is, in the

absence of demurrer, good as an averment that defendant promised to pay the seven hundred and fifty dollars *when* plaintiff succeeded, etc.

The balance became due when final judgment was entered in the one of the two actions last determined. No special demand was necessary prior to the commencement of the present suit.

Plaintiff was entitled to recover interest at the rate of *ten per cent per annum* during the period of time the statute imposed ten *per centum*.

The legislature has power to impose on past indebtedness a rate of interest, or (in the absence of a specific contract as to interest) to increase the legal rate. Such a statute operates only on future rights. (*Dunne* v. *Mastick*, 50 Cal. 247.) A fresh demand and refusal would be a new assertion of a right, and would impose a new liability. So, in legal effect, is a neglect without a demand. (*Bullock* v. *Boyd*, 1 Hoff. Ch. 294.)

Judgment affirmed.