[No. 15731.    Department Two.—June 29, 1895.]

IRA P. RANKIN, SPECIAL ADMINISTRATOR, ETC., APPELLANT, *v.* WILLIAM J. NEWMAN ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF PARTNERSHIP—ACTION BY ADMINISTRATOR OF SURVIVING PARTNER—FINDINGS—APPEAL.—In an action by the administrator of the estate of a deceased partner with the will annexed against the surviving partners for an accounting and settlement of the partnership, and to set aside for fraud and collusion an alleged settlement between the surviving partner and the executor named in the will, when issue is joined upon whether the surviving partners in fact have settled the affairs of the partnership and accounted with

the executor, and paid over to him such balance as was due in right of the decedent, upon appeal from a judgment in favor of the surviving partners, where the evidence is not returned, the judgment conclusively established, for the purposes of the appeal, that defendants have accounted with the executor and paid over to him as the law directs, except in so far as the pleadings admit a balance still due.

ID.—PLEADING OF PROBATIVE FACTS—FINDINGS.—Matters of evidence improperly injected into the pleadings are not required to be found by the court, and do not qualify the ultimate finding of fact, whether made expressly or conclusively implied.

ID.—ADMISSION OF MISTAKE IN SETTLEMENT.—Where the answer admits an unintentional mistake in the settlement pleaded, occurring in the preparation of the balance sheet on which the settlement was founded, and that the payments made to the estate were less than they should have been by a specified sum, such admission made in the answer is a limitation upon the denial of the allegation that the affairs of the partnership remain unsettled, and entitles plaintiff to judgment for the sum admitted to be due by reason of the mistake; and it is immaterial that the error prejudicial to the estate arose from the mistake admitted by the defendants, and not from fraud charged by the plaintiff; nor is it material that the plaintiff had declined to accept the correction admitted by the answer.

ID.—NATURE OF JUDGMENT—CONFORMITY WITH RECORD.—A judgment should be the simple sentence of the law upon the material ultimate facts admitted by the pleadings or found by the court; and, where the record contains matter showing that, within the proper scope of the action, the plaintiff is entitled to further payment in right of the decedent, the appropriate sentence of the law should be pronounced by the court, regardless of the unwillingness of the plaintiff to accept the statements of the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Horace W. Philbrook*, for Appellant.

*Edward R. Taylor*, and *Reinstein & Eisner*, for Respondents.

BRITT C.—The parties differ as to the complexion of this action. Plaintiff asserts it to be " a suit in equity by the administrator (with the will annexed) of the estate of John Levinson, deceased, against his surviving copartners for an accounting and settlement of the affairs of the partnership" ; while defendants claim that it is " an action to set aside on the ground of actual fraud a

partnership settlement made by the executor of a deceased partner with the surviving partners, to have the papers executed in the matter of the settlement adjudged to be void and to be delivered up for cancellation, and for an accounting and a receiver." Consequences of some moment in the case are supposed to follow according as one or the other of these views of the nature of the action may be adopted. But we think both are right; the complaint resembles somewhat a bill in equity with a double aspect; its principal object is to obtain an accounting of the affairs of the late firm of Newman & Levinson, a partnership, of which the defendants, William J. and Benjamin Newman, and said John Levinson, now deceased, were the members, and a distribution of its assets; and to this end it proceeds on the alleged grounds that no such accounting or settlement of the partnership affairs has ever been made, and also that certain fraudulent and collusive dealings had between a former representative of the said deceased and the defendants resulted in an ostensible settlement of the partnership affairs and the cession to defendants of the interest of the deceased in its property, and the execution of certain instruments evidencing such ostensible settlement, which instruments plaintiff prays may be canceled.

Upon the trial findings of fact were waived, and defendants had judgment in their favor, from which the plaintiff appeals without bill of exceptions or statement of the evidence; so that the questions made arise on the pleadings. It is alleged in the complaint, in substance, that Levinson died February 25, 1890, leaving a will which was admitted to probate in the superior court of the city and county of San Francisco on March 18, 1890, and one S. W. Raveley was appointed executor thereof; that said deceased was, at the time of his death, and for a long time previously had been, a member of said firm of Newman & Levinson, which firm was engaged in dealing and trading in sundry classes of merchandise at the city of San Francisco, and that such

business was very extensive and profitable, and the assets of the partnership were of large amount and great value; that Levinson's contribution to the capital of the firm was three-tenths thereof; that since Levinson's death the defendants, his surviving partners, have held and managed the property and business of the partnership and taken all the profits to themselves; that on September 6, 1890, said Raveley, as executor, had certain dealings with defendants (which plaintiff styles a "transaction or proceeding," and which defendants call a "settlement"), whereby he, claiming to act in pursuance of the articles of copartnership between Levinson and defendants, accepted from defendants their promissory notes in the aggregate sum of $20,790.88, professedly "for the interest of the estate of said Levinson in said partnership"; that the will of Levinson did not authorize a sale or transfer of the interest of his estate "in any partnership," and that the superior court never authorized or confirmed a sale or transfer of such interest "in any partnership." These allegations of the complaint appear to be undenied.

The complaint further enters into a statement of the value of the assets and of the amount of the liabilities of the firm, from which the result is deduced that the value of the interest of the estate of the deceased in the business and property of the firm was more than $120,000; it is also charged that the defendants, knowing such value, and intending to cheat and defraud said estate, by various false representations and fraudulent practices described in detail, and the exertion of undue influence on said executor, he being alleged to be their "mere tool," induced him to become party to said "transaction" of September 6, 1890, and to execute certain written instruments evidencing the same. All the allegations of fraud, misrepresentation, and undue influence are denied in the answer; and so of the averments respecting the value of the interest of the estate in the assets of the partnership, except that defendants, while alleging that the appraised value of such interest

was $20,790.88, yet admit that the actual value was a few hundred dollars in excess of this sum. Plaintiff also avers that "the business of said partnership of John Levinson, William J. Newman and Benjamin Newman has not, nor have the affairs thereof, been settled or closed"; and that, "though demands have been often made upon them to settle the business and affairs of said partnership, and to account to said estate for the interest thereof in said partnership, the defendants have neglected and refused, and still neglect and refuse, so to do." These averments are specifically denied in the answer. Defendants also set out at length the steps taken by them and by said Raveley for the adjustment of the mutual affairs of the partnership and the estate of the deceased, claiming that they proceeded as required by the written articles of copartnership under which the firm had been constituted; that, in the manner provided in such articles, they ascertained to be due to the estate of Levinson on account of his interest in the partnership the said sum of $20,790.88, which sum, they allege, they have fully paid to said executor in discharge of their promissory notes mentioned in the complaint; but they admit a mistake in this amount, to which we shall presently advert. The answer contains many other affirmative allegations not necessary to be stated here; it abounds, indeed, with evidentiary matter, which, whatever may have been the requirements of the former chancery practice in such cases, should, under our system, have been omitted.

The statute (Code Civ. Proc., sec. 1585) provides that "When a partnership exists between a decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances

as may from time to time be payable to him in right of the decedent. . . . . And the executor or administrator may maintain against him any action which the decedent could have maintained." Obviously the important and controlling issue presented by the complaint here—drawn to enforce the duty enjoined on the surviving partners by the law expressed in this section—and the answer of the defendants is whether the Newmans have settled the affairs of the partnership, and have accounted with the executor and paid over to him such balances as were due in right of the decedent. The plaintiff charges that they have failed and refused to perform these duties, and the defendants deny the charge. On the issue thus made up the judgment was for the defendant, and, the evidence not being before us, the judgment conclusively establishes, for purposes of this appeal (and with the qualification hereafter stated), that defendants have accounted and have paid over as the law directs.

It is the contention of the plaintiff, however, as we understand his argument, that despite the issue made on the ultimate fact of accounting and settlement, and the finding thereon to be implied from the judgment, the allegations of the defendant's answer showing how the settlement was brought about, the inventory taken, and the mode adopted of valuing the several classes of assets, the estimate of liabilities, the construction placed by the defendants and the executor on the articles of copartnership, and the influence of such construction on the settlement reached, do yet demonstrate that the adjustment made was wholly vicious and to be treated as null. But, assuming, without at all intimating any opinion on the subject, that those averments justify the inference that the executor and the defendants adopted a false basis and pursued a wrong method in their endeavor to " settle the affairs of the partnership," so that the result should be disregarded, it is yet apparent that they are merely matters of evidence, improperly injected into the pleading, upon which the court was not re-

quired to find (*Merrill* v. *Merrill*, 102 Cal. 317), and which neither add to nor detract from the effect of the denials that the business and affairs of the partnership remain unsettled, and that defendants have failed to account. (*Botto* v. *Vandament*, 67 Cal. 332, and cases cited.)   If the court had made the single express finding that "The defendants have accounted to said estate for the interest thereof in said partnership, and have paid over all balances payable to the executor in right of said decedent, and the business of said partnership of John Levinson, William J. Newman, and Benjamin Newman, and the affairs thereof have been settled and closed,"·it would have been responsive to the paramount issues made by the pleadings, and, barring the exception below noted, would unquestionably sustain the judgment; it would show that the whole purpose of the action had been already accomplished.   But such a finding, being within the issues and logically necessary to support the judgment, is, there being no express finding, conclusively implied (*Utter* v. *Eames*, 59 Cal. 5; *Wixon* v. *Devine*, 80 Cal. 387; *Blanc* v. *Paymaster Min. Co.*, 95 Cal. 525; 29 Am. St. Rep. 149); and no finding or averment of probative matter—mere items in the sum of the evidence from which the trial court drew its final conclusion—is of any effect to qualify the ultimate fact thus established.   "The rule has long been settled that, when the ultimate fact is found, no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence can overcome the finding of the ultimate fact." (*Gill* v. *Driver*, 90 Cal. 74; *Smith* v. *Acker*, 52 Cal. 217.)   "It has been repeatedly held that a finding of the court cannot be impeached upon the ground that it is contrary to the evidence, otherwise than by a motion for new trial and statement of evidence upon the motion.   We can consider, upon appeal from the judgment, only the ultimate facts found by the court, and not the probative facts, which have no proper place in the findings." (*Pico* v. *Cuyas*, 47 Cal. 178.) We are informed by the brief for plaintiff here that an

appeal has been taken from the order of the court below denying his, plaintiff's, motion for new trial of this action, and that in the record upon that appeal the evidence is shown. To the appeal from the order should be relegated the consideration of the more important questions which appellant has so zealously, even vehemently, urged on the present record.

The defendants state in their answer that, by reason of an unintentional mistake occurring in the preparation of the balance sheet on which the settlement with the executor was founded, the payments made by them to the executor were less than they should have been by the sum of $593.18; the error, defendants allege, was discovered in the month of April, 1892, and thereupon they tendered such sum with interest, in all $662.40, to the plaintiff, but he refused it; they aver their readiness and willingness to pay the same whenever plaintiff will receive it, but made no deposit thereof in court. This matter appearing in the answer is a limitation upon the denial of plaintiff's allegation that the affairs of the partnership remain unsettled; the denial stands with a *pro tanto* exception of the alleged error; it is a statement of part of the result involved in the final adjustment which is the ultimate fact in dispute, and is in no respect similar to the evidentiary matter set out in the answer describing the manner in which, and the theory upon which, the adjustment was made; it shows that a substantive part of the plaintiff's cause of action is by the pleadings put beyond controversy.

Respondents argue that plaintiff is not entitled to judgment for the sum admitted to be due because, they say, he would thus recognize the validity of the settlement he is seeking to overthrow. But to the extent that the settlement is affected by the error of $593.18 in the balance sheet, it is overthrown by the allegations of the defendants themselves. It is of no moment, as regards the final relief to be granted, that the error to the prejudice of the estate arose from an inadvertent mistake admitted by defendants, and not from the

intentional fraud charged by plaintiff. (*Belknap* v. *Sealy*, 1 Duer, 571, cited with approval in *Johnson* v. *Polhemus*, 99 Cal. 240; see *Zellerbach* v. *Allenberg*, 99 Cal. 68.) It is also objected that plaintiff should not recover what he had positively declined to accept. This consideration is of no weight in such a case; a judgment should be "the simple sentence of the law upon the material ultimate facts admitted by the pleadings or found by the court" (*Gregory* v. *Nelson*, 41 Cal. 282); and, as the record here contained matter showing that, within the proper scope of the action, the plaintiff was entitled to some further payment in right of the decedent, the appropriate sentence of the law should have emanated from the court, the previous contumacy of the plaintiff notwithstanding. The cause should be remanded, with instructions to the court below to render judgment in favor of plaintiff for the sum of $662.40.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with instructions to the court below to render judgment in favor of plaintiff for the sum of $662.40, the respondent to recover his costs on appeal.

HENSHAW, J., McFARLAND, J., TEMPLE, J.

Hearing in Bank denied.