112  637<br>121  28

[S. F. No. 226.   Department One.—May 20, 1896.]

## WILLIAM B. ROWE, APPELLANT, *v.* P. H. BLAKE ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE—ACTION UPON DECREE.—An action will lie upon an unexecuted decree foreclosing a mortgage, and directing a sale of the mortgaged premises, to procure another decree for its enforcement.

ID.—ACTION BY ASSIGNEE—DEFENSE—EXECUTION OF DECREE—OWNERSHIP —ORDER OF COURT—PRESUMPTION—COLLATERAL ATTACK.—It is a sufficient defense to such an action by an assignee of the decree that there had been an execution of the former decree, and a sale thereunder, and satisfaction thereof under an order procured from the court, at the instance of another who claimed to have become the owner of the decree; and such execution must be presumed to have been ordered by the court upon competent proof of the ownership of the claimant, and upon sufficient notice to the parties interested, and every intendment is to be indulged in favor of the regularity of the proceeding under the execution, which is to be sustained as valid by the same presumptions of regularity which attach to a judgment as against a collateral attack thereupon, however erroneous such execution and the proceedings thereunder may have been.

ID.—FINDINGS—PROBATIVE FACTS—GENERAL FINDINGS—SATISFACTION OF JUDGMENT.—A general finding of the ultimate fact that the judgment sued upon has been wholly put in execution and satisfied is sufficient of itself to sustain a judgment for the defendant, and is conclusive upon an appeal from the judgment-roll where the evidence is not returned; nor can the insufficiency of the evidence to sustain such finding be urged by way of insisting that probative facts found are inconsistent with such general finding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*J. H. Henderson*, and *James D. Thornton*, for Appellant.

Plaintiff Latham, who recovered the judgment sued on, prior to the assignment, and his assignee, Rowe, the plaintiff here, after such assignment, had the right to control it and to control the process issued to enforce such judgment. A stranger to the action had no such right. (*Jones* v. *Spears*, 56 Cal. 165; *Lerch* v. *Gallup*, 67 Cal. 595; Code Civ. Proc., sec. 681; *People* v. *Chisholm*, 8 Cal. 30; *Barber* v. *Reynolds*, 44 Cal. 519; *Latham* v. *Blake*, 77 Cal. 646; *Parsons* v. *Russell*, 11 Mich. 113; 83 Am. Dec. 728, 729, and cases cited in note; *Westervelt* v. *Gregg*, 12 N. Y. 212; 62 Am. Dec. 160; *Wynehamer* v. *People*, 13 N. Y. 378; *Campbell* v. *Evans*, 45 N. Y. 358; *Matter of Hatch*, 43 N. Y. Super. Ct. Rep. 89, 90; *Cohen* v. *Wright*, 22 Cal. 317, 318; *White* v. *White*, 5 Barb. 482; *Boggs* v. *Clark*, 37 Cal. 237–39; *Matter of Van Wyck*, 1 Barb. Ch. 565; *Ex parte Knust*, Bail. Eq. 489; *Ex parte Hussey*, 2 Whart. 330; *Brown* v. *Hummel*, 6 Pa. St. 86; 47 Am. Dec. 434; *Brennan* v. *Gaston*, 17 Cal. 375; Code Civ. Proc., secs. 20, 22–24, 26–29, 30, 308, 309, 592; Const., art. I, secs. 7, 22; art. VI, sec. 5; *Hart* v. *Carnall-Hopkins Co.*, 103 Cal. 142; *Rogers* v. *Cady*, 104 Cal. 292; 43 Am. St. Rep. 100; *Coperlini* v. *Oppermann*, 76 Cal. 181; *Hall* v. *Rice*, 64 Cal. 443; *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286, 305; 16 Am. St. Rep. 116; *Osborn* v. *Bank of United States*, 9 Wheat. 738; *Windsor* v. *McVeigh*, 93 U. S. 282, 283; *Pennoyer* v. *Neff*, 95 U. S. 733; *Anthony* v. *Kasey*, 83 Va. 340; 5 Am. St. Rep. 277; *Parsons* v. *Russell*, *supra*; *Watt* v. *Alvord*, 25 Ind. 535; *Wills* v. *Chandler*, 2 Fed. Rep. 273; *Newkirk* v. *Chapron*, 17 Ill. 345, 353; *Wickliff* v. *Robinson*, 18 Ill. 145; *Ex parte Hampton*, 2 G. Greene, 137; *Nunemacher* v. *Ingle*, 20 Ind. 135; *Brush* v. *Lee*, 36 N. Y. 49; *McDonald* v. *O'Flynn*, 2 Daly, 42; *Lewis* v. *Phillips*, 17 Ind. 108; 79 Am. Dec. 457; *Bellinger* v. *Ford*, 14 Barb. 251; *Shackelford* v. *Apperson*, 6 Gratt. 451.) Osborn was not the owner of the judgment when he asked for and obtained the order of the 25th of May, 1882. The

findings do not show that he was such owner, or had a right, in any way, to control the judgment or to have process for enforcing it issued on it. He was not entitled to make the motion, and the order is a nullity. (*Estate of Aveline*, 53 Cal. 259, 261; *Wallop* v. *Scarburgh*, 5 Gratt. 4; *Haden* v. *Walker*, 5 Ala. 86; *Fiske* v. *Lamoreaux*, 48 Mo. 523; *Weir* v. *Pennington*, 11 Ark. 745.) In pleading the order obtained by Osborn, defendants should have stated who were the parties to Osborn's application. (1 Chitty on Pleading, 371; 2 Chitty on Pleading, 483–85; 3 Chitty on Pleading, 928, 929, 956; Estee's Pleadings, secs. 784, 796; Code Civ. Proc., secs. 462, 590; *Curtiss* v. *Sprague*, 49 Cal. 301; *Colton etc. Co.* v. *Raynor*, 57 Cal. 588.) The superior court never had power or jurisdiction to try a controversy as to the ownership of a judgment on a motion, even if all the parties had been notified regularly, appeared and contested the motion, and an order had been made upon it. (*Murray's Lessee* v. *Hoboken etc. Co.*, 18 How. 281, cases cited; *Taylor* v. *Porter*, 4 Hill, 146; 40 Am. Dec. 274; 2 Kent's Commentaries, 13; 3 Story on the Constitution, 661.) It has been held on a former appeal that the complaint states a cause of action. (*Rowe* v. *Blake*, 99 Cal. 167; 37 Am. St. Rep. 45.) This decision became the law of the case. and such point is no longer open to further debate. (*Reclamation Dist. No. 3* v. *Goldman*, 65 Cal. 636.)

*William H. Fifield*, for Respondents.

It is not alleged in the complaint that the appellant was the owner of said judgment when this present action upon it was commenced. This was an essential element of his cause of action; without which he states no cause of action. (*Fairchild* v. *King*, 102 Cal. 320, 322; *Fredericks* v. *Tracy*, 98 Cal. 658; *Coffey* v. *Quint*, 92 Cal. 475.) If a complaint does not state a cause of action, a judgment for defendant will not be disturbed. (*Winona Wagon Co.* v. *Bull*, 108 Cal. 1.) The finding that the decree had been put in execution and satisfied is con-

clusive against this appeal. The order of the court directing the order of sale to issue, the issuance of the order of sale pursuant thereto, and the sheriff's sale and deed, cannot be assailed in this collateral action, except for what appears on their face, and there is nothing upon the findings to show any vice, or irregularity even, upon the face of the proceedings. (*Crim* v. *Kessing,* 89 Cal. 478; 23 Am. St. Rep. 491; *Carpentier* v. *Oakland,* 30 Cal. 445, 446; *De Pedrorena* v. *Superior Court,* 80 Cal. 144; *Pearse* v. *Hill,* 163 Mass. 493; *Brigham* v. *Burnham,* 12 Allen, 97; *Ogle* v. *Baker,* 137 Pa. St. 378; 21 Am. St. Rep. 886; Code Civ. Proc., sec. 1963, subds. 15,16; 2 Freeman on Executions, 2d ed., sec. 339; *Hunt* v. *Loucks,* 38 Cal. 372, 382; 99 Am. Dec. 404; *Hibberd* v. *Smith,* 50 Cal. 511; 67 Cal. 547, 564, 566; 56 Am. Rep. 726; *Hodgdon* v. *Southern Pac. R. R. Co.,* 75 Cal. 642, 648; *Moore* v. *Martin,* 38 Cal. 428; *Blood* v. *Light,* 38 Cal. 649; 99 Am. Dec. 441; *Hahn* v. *Kelly,* 34 Cal. 402; 94 Am. Dec. 742; *Gregory* v. *Bovier,* 77 Cal. 121; *Ritter* v. *Scannell,* 11 Cal. 238; 70 Am. Dec. 775; *Mayo* v. *Foley,* 40 Cal. 282; *Boles* v. *Johnston,* 23 Cal. 226; 83 Am. Dec. 111; *Kelsey* v. *Dunlap,* 7 Cal. 160; *Von Schmidt* v. *Von Schmidt,* 104 Cal. 547; *Garoutte* v. *Haley,* 104 Cal. 497; *Colton etc. Co.* v. *Swartz,* 99 Cal. 278; *Voorhees* v. *Bank of United States,* 10 Pet. 449; *Blaine* v. *Ship Charles Carter,* 4 Cranch, 332; *Cornett* v. *Williams,* 20 Wall. 226, 246–50; *Sowles* v. *Harvey,* 20 Ind. 217; 83 Am. Dec. 315; *Clarkson* v. *White,* 4 J. J. Marsh. 529; 20 Am. Dec. 229; *Caruthers* v. *Hensley,* 90 Cal. 559; *Shearer* v. *Peffer,* 155 Pa. St. 501; *Stewart* v. *Storker,* 13 Serg. & R. 199; 15 Am. Dec. 589; *Lowler* v. *Wilmer's Appeal,* 8 Watts & S. 387; 42 Am. Dec. 302; *Johnson* v. *Ball,* 1 Yerg. 290; 24 Am. Dec. 451; *Johnson* v. *Murray,* 112 Ind. 155; 2 Am. St. Rep. 174; *Bogyess* v. *Howard,* 40 Tex. 158, 159; *Murray* v. *Laften,* 15 Mo. 621–24; *Waldrop* v. *Friedman,* 90 Ala. 157; 24 Am. St. Rep. 775; *Leonard* v. *Brewer,* 86 Ala. 390; *Sandlin* v. *Anderson,* 76 Ala. 403.) Although it is an abstract truth that an owner of a judgment has the right to control it, this must be understood in a qualified sense, and

the control must be exercised according to the rules of law. (*Carpentier* v. *Oakland, supra.*) A court has jurisdiction and control over its own process, and to take all necessary measures to enforce its own decrees, and to that end to determine the persons entitled to its process. (Code Civ. Proc., sec. 128; *McAuliffe* v. *Coughlin*, 105 Cal. 268; *Van Cleave* v. *Bucher*, 79 Cal. 602; *Chipman* v. *Bowman*, 14 Cal. 158; *Bell* v. *Thompson*, 19 Cal. 708, 709; *Sanchez* v. *Carriaga*, 31 Cal. 172; *Murdock* v. *De Vries*, 37 Cal. 527; *Gates* v. *Lane*, 49 Cal. 266; *Luco* v. *Brown*, 73 Cal. 3; 2 Am. St. Rep. 772; *Buell* v. *Buell*, 92 Cal. 393; *Dorland* v. *Smith*, 93 Cal. 120; *McMann* v. *Superior Court*, 74 Cal. 106; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *Bryan* v. *Berry*, 8 Cal. 130; *Gregory* v. *Ford*, 14 Cal. 138, 144; 73 Am. Dec. 639; *Dorn* v. *Howe*, 59 Cal. 129.)

Van Fleet, J.—Appeal from the judgment upon the judgment-roll, the sole question being whether the findings support the judgment.

The action is based upon a judgment obtained by one Latham against these defendants in another suit foreclosing a lien upon certain lands, and .directing a sale thereof in satisfaction of the lien—the object of the present action by the plaintiff, claiming as assignee of Latham, being to enforce said judgment by procuring a sale of the property therein directed to be sold. It was held on a former appeal herein that the action would lie, and that the complaint stated a cause of action. (*Rowe* v. *Blake*, 99 Cal. 167; 37 Am. St. Rep. 45.)

The complaint alleges that the judgment sued upon was recovered in 1879, and that the assignment by Latham to plaintiff was made in 1884. These allegations are not denied, but the defense relied upon by the defedants was that the judgment had, before such assignment and the bringing of the present action, been put in execution and satisfied by a sale of the property.

Upon this issue the court found these facts: " In the

year 1882 one George W. Osborn claimed to have be-
come the owner of said decree, and to have lawfully
succeeded to the interests of said Latham therein, and,
on the twenty-fifth day of May, 1882, at the instance of
said Osborn, the superior court here made and entered
an order directing that an order of sale upon and in
execution of the said decree of *Latham* v. *Blake, and
others,* be issued by the clerk here under the seal of the
court, and be delivered to the sheriff of this city and
county, commanding him to sell the said lands and
premises in the said decree described, pursuant to the
terms of said decree and in execution and enforcement
thereof; said order as thus made and entered upon the
minutes here has not been appealed from, vacated, or
in anywise set aside or modified; and, pursuant thereto,
an order of sale in due form was, on the twenty-sixth
day of May, 1882, issued by the clerk here, attested by
him, and under the seal of the court, and delivered to
the sheriff of the city and county of San Francisco on
the next day thereafter, by the terms of which said
order said sheriff was enjoined and commanded, among
other things, to proceed to notice for sale, and thereupon
to sell at public outcry all the said premises in the said
decree described, and to apply the proceeds of such sale
when made as in said decree and order further directed;
and that he make report of his acts and doings there-
under, within a time therein in said order named and
specified; accordingly, on the twenty-second day of
June, 1882, after notice duly given and published, the
said sheriff, in virtue of the said decree and the said
order of sale in his hands, did expose to sale at public
outcry, and did sell to the highest bidder at said sale,
the said lands and premises and the whole thereof, and
did receive therefor from said bidder, who was the pur-
chaser, the sum of sixteen hundred and thirty dollars;
a certificate of sale in the usual form and containing
the customary recitals was thereupon delivered by the
sheriff to the said purchaser; no redemption from said
sale has been made, and, in due time thereafter, a deed

of conveyance in due form was delivered by the sheriff to said purchaser, purporting to convey to him the said premises in said decree described, and therein adjudged and decreed to be thereafter sold according to law by said sheriff; neither the said order of sale of May 25, 1882, nor the said proceedings of said sheriff thereunder, has or have been vacated, set aside, modified, or in anywise disturbed, but they remain in full force and virtue; the said decree in the said second amended complaint set forth has been wholly put in execution and satisfied, and no part thereof remains unsatisfied."

The ground upon which it is urged that these findings fail to warrant the judgment in favor of defendants is, in brief, that it affirmatively appears therefrom that the process under which it was attempted to sell the property in satisfaction of the decree in suit was issued at the instance of one not authorized to control it; that the ownership of Latham and the assignment to plaintiff not being denied, the latter alone must be held to have had the right and authority under the law to control the judgment, and the only one on whose application process could competently issue; that, consequently, the order of sale issued and executed at the instance of Osborn, a mere stranger to the judgment, was wholly void, and the proceedings had thereunder without legal effect.

It is undoubtedly true, as an abstract proposition, that the owner of a judgment is the one on whose demand process may regularly and properly issue thereon; but is it true, as urged by appellant, that the findings show that the process was not so issued in this instance? There can no be question that the court wherein a judgment is entered has control of such judgment and authority to direct the issuance and execution of process thereunder in the interest of the party entitled thereto; and necessarily, as incidental to such power, that of determining in any instance who is entitled to process. (Code Civ. Proc., secs. 128, 385; *McAuliffe* v. *Coughlin*, 105 Cal. 268.) Here it appears that the court, in the

exercise of such jurisdiction, made an order, at the in-
stance of Osborn, that an order of sale issue. Manifestly,
this involved a determination that Osborn was the party
entitled to have and control process, and this determi-
nation, it seems to us, is conclusive upon the plaintiff's
rights in this action. It is true that there is no express
finding that Osborn was the owner of the judgment at
the time of his application, or that the application was
other than *ex parte* and without notice or opportunity
to Latham to appear and be heard in opposition thereto.
But it must be observed that this is not a direct, but a
collateral, attack upon the proceedings of the court which
resulted in such order, and, in such case, every intend-
ment is to be indulged in support of the regularity of
those proceedings and such determination, and we are
bound to presume, if necessary to sustain the validity of
the order, that the application therefor was regularly
made upon notice to the parties interested, and that the
court, upon competent evidence, found and determined
that Osborn was at the time the owner of the judgment,.
and, for that reason, entitled to have process for its exe-
cution. (See *Crim* v. *Kessing,* 89 Cal. 478; 23 Am. St.
Rep. 491; *Caruthers* v. *Hensley,* 90 Cal. 559.) The order
was sufficiently pleaded and found (*Weller* v. *Dickinson,*
93 Cal. 108), and is to be sustained by the same pre-
sumptions of regularity as attach to a judgment, and is
not subject to be overthrown otherwise than in a direct
proceeding for the purpose. However erroneously the
court may have acted in the premises, it being within
its jurisdiction to make the order, its order is not abso-
lutely void, and mere error cannot affect its binding
effect for present purposes.

This being true, the process issued in pursuance of
such order was not void, even if erroneous, and the pro-
ceedings taken thereunder in execution of the judgment
are protected by the same presumptions of regularity
as attach to the judgment itself. "A collateral attack
can no more be made upon an erroneous execution than
upon an erroneous judgment. Like erroneous judg-

ments, an erroneous execution is valid until set aside upon a direct proceeding brought for that purpose; and, until set aside, all acts which have been done under it are also valid.    In a collateral action it cannot be brought in question, even by a party to it, much less, as in this case, by a stranger to it."    (*Hunt* v. *Loucks,* 38 Cal. 382; 99 Am. Dec. 404.)

Independently of these considerations, we think the general finding that the judgment sued on "has been wholly put in execution and satisfied," is sufficient of itself to sustain the judgment, whether such finding be regarded as a conclusion from the special or probative facts found, or as an independent finding.    If the former, it is not inconsistent therewith, and if the latter, the appeal being upon the judgment-roll without the evidence before us, it is conclusive.    And, in such case, even if the probative facts did not, in our judgment, sustain the general finding, the latter would control, since to hold otherwise would be to determine that the evidence did not justify the decision, and that cannot be done in this mode.    (*Perry* v. *Quackenbush,* 105 Cal. 305, and cases therein cited.)

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.