## FAIRBANKS et al. v. ROLLINS.

### L. A. No. 368; August 4, 1898.

#### 54 Pac. 79.

Water Rights.—Performance of a Contract to Convey "a good and sufficient water right" for the irrigation of a certain parcel of land was sufficiently tendered by an offer of water certificates issued by an irrigation corporation, guaranteeing the holder a flow of water of the quantity specified in the contract, together with a right of way through a pipe-line reaching the lands to be irrigated for the conveyance of water "represented by said water certificates." [1]

Finding.—A Finding of an Ultimate Fact cannot be Impeached by an immaterial finding of a mere probative fact.

APPEAL from Superior Court, San Bernardino County.

Action by C. W. Fairbanks and another against J. M. Rollins on a note. Judgment for plaintiffs and defendant appeals. Affirmed.

C. C. Haskell for appellant; Otis, Gregg & Hall for respondents.

BRITT, C.—By a contract in writing of date February 10, 1897, the plaintiffs agreed to sell and convey to defendant a "good and sufficient water right" for the irrigation of a parcel of land containing four and twenty-two hundredths acres, the same to be sufficient to furnish water to the amount of at least one-seventh of an inch, measured under four-inch pressure to each acre or fraction thereof in said parcel of land; in consideration whereof defendant agreed to execute to plaintiffs his promissory note for the sum of $500, and to pay the same when plaintiffs should tender to him a conveyance of said water right. He made to plaintiffs his note accordingly, and this is an action to enforce payment thereof. In his answer, the defendant pleaded said contract, and averred that the only offer of plaintiffs to perform the same

---

[1] Cited, with other cases, in Fresno Canal etc. Co. v. Park, 129 Cal. 441, 62 Pac. 88, the court holding that, notwithstanding an apparent departure in the decisions from the old rule of an absolute right of private property in a water flow, in the absence of a maximum rate fixed by the board of supervisors a contract for water as made by the owner can be enforced.

consisted in the tender to him of five so-called "Class A Water Certificates" issued by the Bear Valley Land and Water Company, a corporation, together with the tender of a right of way through a certain pipe-line reaching his land, for the conveyance of the water "represented by said water certificates." The form of said certificates was set forth in the answer. Thereby the said corporation in terms guaranteed to the holder thereof a flow of one-seventh of an inch of water for each acre of land to which the water was to be devoted, etc. It was further averred in the answer that said certificates constitute no water right; that they do not and cannot vest in or transfer to the holder thereof any water or water right whatever; and that they are of no value. There were other allegations in the answer to the effect that said certificates evidence a fictitious increase of the capital stock, and also of the indebtedness of said corporation, and that it had no lawful authority to issue the same. The court found that plaintiffs made a tender substantially as alleged in the answer of defendant. It also found that such tender was an offer to convey a water right in accordance with the terms of said contract of February 10, 1897; that said certificates entitled the holder to the water described on the face of the same, and were of the value of at least $500; and that such certificates "convey and transfer the water and water rights represented on their face." There were also findings of evidential matters concerning the organization and powers of said corporation, and the origin and history of the said certificates issued by it. Judgment was for plaintiffs. Defendant relies for reversal on the contents of the findings alone.

The findings of ultimate facts above stated show that the consideration upon which said note was executed has not failed; and that, by the acceptance of the tender made to him, defendant would have received the transfer of the "water and water rights represented on the face" of said certificates, viz., a flow of one-seventh of an inch of water for each acre to be irrigated, which was the object of his contract with plaintiffs. Defendant claims that the objections urged by him to the validity of said water certificates are sustained by the said findings of evidence regarding the issuance thereof. We do not concede that; but, if we should, still those findings which respond to the substance of the issue, and show that plaintiffs offered to convey rights of water

as required by their contract with defendant, would not be overthrown. The case is within the rule which forbids the impeachment of findings of ultimate facts by comparing them with other findings of mere probative facts which have no proper place in findings at all: Rowe v. Blake, 112 Cal. 637, 44 Pac. 1084; Rankin v. Newman, 107 Cal. 608, 40 Pac. 1024, 41 Pac. 304; Perry v. Quackenbush, 105 Cal. 299, 38 Pac. 740. The judgment should be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.