[Civ. No. 1049.  Second Appellate District.—January 2, 1912.]

# PIERRE AGOURE, Respondent, v. H. E. PECK and AETNA INDEMNITY COMPANY, a Corporation, Appellants.

DEPOSIT IN COURT—ACTION TO CANCEL LEASE—TENDER REFUSED—CERTIFICATE OF DEPOSIT IN NAME OF CLERK—INDORSEMENT TO TREASURER—JUDGMENT AS TO DEPOSIT—COLLATERAL ATTACK.—Where in an action to cancel a lease the sum of $1,000 tendered to defendant on account of such cancellation was refused, and that sum was deposited by plaintiff with a banking company, whose certificate of deposit in the name of the county clerk was receipted for by him as money deposited in court, and was indorsed and delivered to the treasurer as such deposit, who receipted to the clerk therefor as a deposit in court, and the court by its judgment canceled the lease, and recognized the deposit in court, and ordered the money deposited to be paid to defendant, its jurisdiction to make the order cannot be collaterally attacked on the ground that plaintiff did not apply for a deposit in court under the terms of section 572 of the Code of Civil Procedure.

ID.—NEGLECT OF COUNTY TREASURER TO REDUCE CERTIFICATE OF DEPOSIT TO MONEY—INSOLVENCY OF BANK—LIABILITY ON BOND.—It was the official duty of the county treasurer to reduce the certificate of deposit indorsed to him, as a deposit in court, to money, and to hold the same subject to the order of the court, and where, instead of so doing, he declared that he would take his chances on the certificate, such action was equivalent to a loan of the money to the bank, which the county treasurer is forbidden by law to do; and when, by reason of his negligence in failing to cash the certificate, the bank became insolvent, he is liable on his official bond to the plaintiff for such neglect.

ID.—ESTOPPEL OF COUNTY TREASURER TO CLAIM GOOD FAITH—SUPPORT OF FINDING.—The county treasurer, under the facts appearing, which fully sustain the findings as to his want of ordinary care, cannot be heard to claim that he acted in good faith in retaining the certificate of deposit, believing the bank to be solvent.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.  Frank R. Willis, Judge presiding.

The facts are stated in the opinion of the court.

Hiatt & Selby, Geo. F. Hatton, H. F. Peart, and Orestes Orr, for Appellants.

Charles S. Burnell, and Charles E. Haas, for Respondent.

ALLEN, P. J.—The action is one brought by plaintiff against the treasurer of Ventura county, and upon his official bond. Judgment went for plaintiff, from which, and an order denying a new trial, defendants appeal.

The case is this: On the nineteenth day of March, 1907, an action was pending in the superior court of Ventura county, wherein Joseph F. Lewis was plaintiff and Pierre Agoure was defendant. On said date plaintiff in said action tendered to Agoure the sum of $1,000, conceded to be due him on account of the cancellation of a lease involved in said action, which sum Agoure refused to accept; and thereupon Lewis deposited with a banking company in Ventura $1,000 and the bank issued a certificate of deposit for such sum, payable to the county clerk upon return of the certificate duly and properly indorsed. This certificate of deposit was delivered to the county clerk, who receipted for the same as money deposited in the case of *Lewis* v. *Agoure,* and who had the same in his hands on the third day of April, 1907, at which date the action pending was finally heard and determined by the superior court of Ventura county, in which action the trial court found: "That the said plaintiff has brought into and deposited in court the sum of one thousand dollars ($1,000), lawful money of the United States, to pay to the said defendant for the cancellation of said lease, should the court so award; that the defendant Agoure is entitled to have paid to him the said sum of one thousand dollars ($1,000) so tendered him and now deposited with the clerk of this court." The judgment recited, among other things: "It is further ordered, adjudged and decreed that the defendant is entitled to the sum of one thousand dollars ($1,000), deposited in court for him by the plaintiff, and the said sum is hereby awarded the said defendant as a consideration for the cancellation of his lease." Thereafter, the clerk continued to hold such certificate of deposit until the nineteenth day of June, 1907, on which date the clerk delivered said certificate of deposit to the treasurer of Ventura county, at the time notifying the treasurer that the same was a deposit in court and was delivered by the clerk to the treasurer as and for a deposit in court in said action, and the treasurer received the same as and for a deposit of $1,000 in court in said action, and not otherwise; and at the time of such deposit

the clerk inquired of the treasurer if he desired to have the money in gold pieces and the treasurer replied that he guessed not, that if the clerk would indorse it he would take a chance on it. Thereafter, on April 6, 1909, after said judgment of the superior court had been affirmed by this court, the superior court of Ventura county made its order directing the defendant treasurer to deliver and pay over $1,000 to plaintiff herein, which the defendant refused to do, and such sum has never been paid to plaintiff nor to anyone for him. It appears from the record that the treasurer, upon receipt of the certificate of deposit, continued to hold the same; the said banking company at such time, and for a long time thereafter, was reputed to be solvent, but subsequently became insolvent and the certificate of deposit became uncollectible. The trial court found in this action that the money was properly paid into the hands of the treasurer in his official capacity, and that he was guilty of negligence in that he did not use due diligence to prevent loss to plaintiff, although not acting in bad faith.

It is contended by appellants that the court was without jurisdiction or authority to order the money paid into court, for the reason that nothing appears in the record showing that the case of *Lewis* v. *Agoure* was one which, under section 572 of the Code of Civil Procedure, justified an order with reference to deposit; and, further, that if the same comes under such section, a preliminary order before deposit, upon the application of a party, is essential in order that a deposit may be accepted or become a deposit in court. Section 572, Code of Civil Procedure, provides: "When it is admitted by the pleadings or shown upon the examination of a party to the action, that he has in his possession, or under his control, any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court or delivered to such party, upon such conditions as may be just subject to the further direction of the court." Section 573, Code of Civil Procedure, provides that whenever money is paid into or deposited in court, the same must be delivered to the clerk in person, or to such of his deputies as shall be especially authorized by appointment in writing to receive the

same. "He must, unless otherwise directed by law, deposit it with the county treasurer to be held by him subject to the order of the court. The treasurer must keep each fund distinct, and open an account with each. . . . For the safekeeping of the money deposited with him the treasurer is liable on his official bond." Nothing to the contrary appearing, and all intendments being in favor of the judgment of a court of record, it will be presumed that in the case of *Lewis* v. *Agoure* the $1,000 therein involved was by the pleadings in that case admitted to be due, or that such facts existed or had been shown to the court as would authorize an order directing a deposit. It may be, and probably it is, true that before the third day of April, the date when the superior court made its order and judgment in connection with this fund, by reason of failure on the part of Lewis to make application for and there being no formal order of court directing a deposit of the money, the same, although in the hands of the clerk, was nevertheless subject to the order of Lewis, and was not under the control of the court or in its treasury. But when the court, taking cognizance of the fund, and by its judgment determined the same to have been paid into court, and then being deposited subject to the order and judgment of the court, the same became a deposit in court and the control of Lewis thereover ceased. "However erroneously the court may have acted in the premises, it being within its jurisdiction to make the order, its order is not absolutely void." (*Rowe* v. *Blake,* 112 Cal. 644, [44 Pac. 1084].) "In a collateral action, it cannot be brought in question, even by a party to it, much less, as in this case, by a stranger to it." (*Hunt* v. *Loucks,* 38 Cal. 382, [99 Am. Dec. 404].) We are of opinion, then, that the court had jurisdiction in a proper case to make the order, and that it must be assumed that the case in which the order was made was a proper one, and having been so made and the judgment of a court rendered in connection therewith, the same is binding upon the parties and is not subject to collateral attack. The court then having accepted in its treasury the $1,000 involved and adjudged it to be a money deposit in court, the law requires the clerk to pay the same into the hands of the county treasurer, and the same when received by the treasurer in his official capacity became public money under the provisions of section 426 of

the Penal Code.   The treasurer is by statute prohibited from
depositing public money in any bank or loaning the same or
any portion thereof, and is liable for failure to keep the same
in his possession until disbursed or paid out by authority
of law.   When the treasurer received this certificate of de-
posit, under the terms of the judgment of the court, he could
only receive the same as money, and it was his plain duty to
have reduced the money, certified to be payable upon the pres-
entation of the certificate, to his possession and to have safely
kept the same until disbursed under authority of law.   Fail-
ing to do this, he was guilty not only of a violation of the law,
but of gross negligence in the management and care of this
property; and assuming that the liability of a treasurer on
account of such deposits is but that of a depositary for hire,
and liable therefor only in the absence of ordinary care, never-
theless, the record in this case discloses that he did not use
ordinary care in the preservation of this property.   His re-
tention of the certificate of deposit, payable upon demand,
was in legal effect but a loan to the bank of the money in his
possession, a thing which by law he is prohibited from doing,
and he cannot be heard to excuse himself upon the ground
that he acted in good faith, believing the bank to be solvent.
We are of opinion, therefore, that all of the findings of the
court with reference to the negligence and want of care upon
the part of the treasurer are amply supported.

We see no error of the court in the admission or in the rejec-
tion of evidence tendered.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.