[Civ. No. 14466. Second Dist., Div. Two. Oct. 17, 1944.]

M. MICHAL, Respondent, v. KATE ADAIR et al., Appellants.

Corwin Townsend, in pro. per., and W. W. Middlecoff for Appellants.

Irwin R. Buchalter and Samuel W. Blum for Respondent.

MOORE, P. J.—As assignee of two judgments and a claim for unpaid wages respondent sued for declaratory relief on three counts. The first declares upon a valid judgment dated March 23, 1942, in favor of one Cabbio against Bernice Von Der Senden, hereinafter referred to as Bernice, the unpaid balance of which is the sum of $785.01. The second count alleges the entry of a judgment against Bernice in favor of one Cahn on July 9, 1942, in the sum of $127.60 which remained unpaid. The third count alleges the assignment to plaintiff by one Amy Morton of a claim against Bernice for services rendered in the sum of $50 of which $34.50 remained unpaid. Each of the counts contained allegations substantially as follows:

Bernice is the actual owner of three parcels of real property which she had fraudulently conveyed to her mother, appellant Adair, a resident of the State of Washington, in March, 1942, promptly after rendition of the Cabbio judgment; the transfer of the properties left Bernice insolvent and had the same effect as if no deed had been made at all; at some time subsequent to May, 1942, Bernice and her mother sold parcel 2 and paid the proceeds to Bernice and Attorney Townsend; in the meantime in another action by the Farmers & Merchants National Bank against Bernice and others, one Allen on May 2, 1942, had been appointed receiver and in his official capacity had collected rentals earned by parcel 2; with intent to defraud the creditors of Bernice she and her mother have assigned the funds held by Allen to Attorney Townsend; such assignment was without consideration and rendered Bernice insolvent; by virtue of Bernice's transfer of the properties and assignment of the rentals a controversy

has arisen as to the ownership of the properties and the impounded funds received from rental and the sale of parcel 2, and as to whether all of such funds belonged to Bernice. Plaintiff demanded (1) a declaration of the rights of the parties, (2) annulment of the conveyance to Adair and her assignment of the funds to Townsend.

Bernice defaulted. By her answer Adair alleged that as her trustee Bernice had in good faith conveyed the properties to her mother as the beneficial owner; denied the validity of the Cahn judgment and the assignment to plaintiff of the Morton claim. Townsend denied the alleged fraudulent transfer and insolvency of Bernice; alleged that by virtue of the assignment for value to him he is the owner of the money on deposit in court; alleged the redemption of parcel 2 by the Tomlinsons, interveners, grantees of Bernice and Adair, and that the impounded funds are ''rents accrued under said redemption and is the property of this defendant under assignment herein.''

The redemptioners recovered under their complaint in intervention and accepted the court's award, which is not involved in this appeal.

Findings were waived. After denying relief under count 1 the judgment directed the money which had been collected by the receiver and deposited in court be paid as follows:

| | | |
|---|---|---|
| 1. | to the Tomlinsons, | $110.08 |
| 2. | to Michal under count 2, | $127.60 |
| 3. | to Michal under count 3, | $ 34.50 |
| 4. | to Townsend, | $666.20 |

No recovery was awarded Kate Adair. The judgment then directed the clerk to pay such sums and authorized the auditor to draw his warrants in favor of the parties and the treasurer to pay same.

Inasmuch as the appeal comes here on the judgment roll alone, in the absence of findings we must presume that the facts alleged are true (*Cummings* v. *Howard,* 63 Cal. 503); that every intendment is in favor of the correctness of the judgment (*Bekins Van Lines Inc.* v. *Johnson,* 21 Cal.2d 135 [130 P.2d 421]; *Cuthbert Burrel Co.* v. *Shirley,* 64 Cal.App. 2d 62 [148 P.2d 85]); and that the judgment is not erroneous. (*Donovan* v. *Aetna Indemnity Co.,* 10 Cal.App. 723, 729 [103 P. 365].) No errors can be reviewed except those ap-

pearing on the face of the record. (*Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673, 680 [22 P.2d 5]; *Adjustment Corporation* v. *Hollywood H. & P. Co.*, 35 Cal.App.2d 566 [96 P.2d 161].)

The contentions of appellant are:(1) the judgment is inconsistent in awarding part of the rents to respondent while denying him all relief under the first count of the complaint; (2) the court exceeded its jurisdiction; (3) actions based on fraud are not assignable.

■ Respondent alleged three separate justiciable claims against Bernice in three separate counts. In each count he alleged that the debtor had fraudulently alienated her only properties after entry of the Cabbio judgment. After the date of the fraudulent conveyance Cabbio purchased all of the interest of Bernice in the three parcels at execution sale, May 4, 1942. Therefore there was no controversy existing between respondent and appellant as to the right of respondent to subject the three parcels to execution sale for the satisfaction of the Cabbio judgment. ■ Mr. Cabbio himself had, in disregard of the transfer to Adair, avoided that controversy by causing execution to be issued under his judgment and a sale of all three parcels on May 4, 1942. Such was one course open to him at that time. (Civ. Code, § 3439.09.) Having thus in a legal proceeding treated the conveyance by Bernice as a nullity he could not by the instant proceeding in equity seek to set aside the fraudulent transfer for the very purpose of subjecting the properties to execution a second time in satisfaction of the unpaid balance of the judgment. We find no inconsistency in granting relief on the Cahn judgment and in denying an award on the Cabbio judgment.

■ The second count presents an actual controversy for the interposition of equity. By that count respondent sought to have the fraudulent conveyances of Bernice set aside to such extent as may be necessary to satisfy the Cahn judgment. The court's judgment in response thereto was appropriate relief. (Civ. Code, § 3439.09; *Richardson* v. *Michel,* 45 Cal. App.2d 188, 196 [113 P.2d 916].)

No new substantive rights were created by that part of the judgment ordering payment of the Cahn judgment. The impounded rentals belonged to Bernice with whom respondent's

controversy existed as well as with Townsend who asserted full ownership. ■ ■ Pursuant to the court's order Allen properly deposited the rentals in court. (Code Civ. Proc., §§ 572, 573; *Agoure* v. *Peck*, 17 Cal.App. 759 [121 P. 706].) ■ As rentals from property fraudulently conveyed by the debtor, they were subject to the claims of a defrauded creditor. (*Wright* v. *Salzberger*, 121 Cal.App. 639, 645 [9 P.2d 860]. ■ The clerk of the court properly deposited them with the county treasurer. They were held by that official subject to the order of court. (Code Civ. Proc., § 573; *Agoure* v. *Peck, supra.*) ■ The court having determined the rights of the parties in the fund, it was the duty of the court to require the payment of the money in conformity with the direction of the court. (Code Civ. Proc., § 574.) ■ In keeping with the law governing levies under execution for the satisfaction of a money judgment the court may order payments made out of available moneys of the debtor rather than out of the interest of the debtor in real estate. (Code Civ. Proc., § 682.) The funds held by the treasurer in this case took the place of the realty. (*Stockton Lumber Co.* v. *Schuler*, 155 Cal. 411, 413 [101 P. 307].)

■ Appellant argues that since findings were waived the impounded rent money should go to the owners of the land. Not so. The court having found the transfer by Bernice to be in fraud of creditors, the land and its profits were the property of Bernice to the extent of the Cahn judgment. After it shall have been satisfied out of the impounded fund the balance thereof and the real properties will be subject to the assignment or transfer of appellant and her assignees and grantees.

■ The contention that the order to pay the Cahn judgment is invalid on the theory that a cause of action to set aside a fraudulent conveyance is not assignable is a misconception. As the right to recover property obtained by fraud is assignable (*American Trust Co.* v. *California Western etc. Co.*, 15 Cal.2d 42, 67 [98 P.2d 497]; *Auslen* v. *Thompson*, 38 Cal.App.2d 294, 214 [101 P.2d 136]) so there is no inhibition against the assignment of a right to set aside a fraudulent conveyance. (*Webb* v. *Pillsbury*, 23 Cal.2d 324, 327 [144 P.2d 1, 150 A.L.R. 504]; *Emmons* v. *Barton*, 109 Cal. 662, 667 [42 P. 303]; *Brandon* v. *Faria*, 99 Cal.App. 594, 598 [279 P. 192].) If there were such inhibition the doctrine would not

be applicable here. ■ Respondent acquired a property right by the assignment of the Cahn judgment. The right to enforce the payment thereof is as substantial as the right of ownership. ■ A fraudulent conveyance by the judgment debtor may be the sole barrier to the enforcement of the judgment. Whether such conveyance occurred prior or subsequent to the assignment of the judgment does not affect the right of action of the assignee to an annulment of the conveyance any more than it would affect his right to institute proceedings supplemental to execution. The only fraud alleged is the fraud of Bernice in transferring her property for the purpose of defeating all claims against her, and was available to any of her creditors as a basis for the interposition of equity to enforce payment of debts due by Bernice. (Civ. Code, § 3439 *et seq.; Title Insurance & Tr. Co.* v. *California Development Co.*, 171 Cal. 173 [152 P. 542].)

■ That part of the judgment directing the clerk to pay Michal $34.50 as the balance on the claim of Amy Morton assigned to respondent is likewise valid. A creditor now may have a fraudulent conveyance set aside to the extent necessary to satisfy his claim. (Civ. Code, § 3439.09; *Estate of Kalt*, 16 Cal.2d 807, 811 [108 P.2d 401, 133 A.L.R. 1424].) It is no longer a requirement that a claim be first reduced to judgment. (*Heffernan* v. *Bennett & Armour*, 63 Cal.App.2d 178, 184 [146 P.2d 482].) The justice of the Morton claim was adjudicated in the instant action as designed by the amendment of 1939 to section 3439.09, Civil Code.

Those portions of the judgment appealed from are affirmed.

Wood (W. J.), J., and McComb, J., concurred.

A petition for a rehearing was denied November 16, 1944.